September 15, 2014

**Filed via ECF**

The Honorable Yvonne Gonzalez Rogers
United States District Court, 4th Floor
1301 Clay Street
Oakland, CA 94612

    Re:    *Kumar v. Salov North America Corp.*, Case No. 4:14-cv-2411-YGR

Dear Judge Gonzalez Rogers:

    Defendant Salov North America Corp. ("SNA") and Plaintiff Rohini Kumar write pursuant to paragraph 8 of Your Honor's Standing Order pertaining to discovery disputes. The Rule 26(f) meet and confer took place on August 4. Three weeks later, Plaintiff served SNA with interrogatories and requests for production, and provided notice that she would serve third parties with subpoenas duces tecum. (Attached as Ex. A.) Counsel for SNA requested that Plaintiff agree to a blanket stay on all discovery, until after the Case Management Conference set for November 17, 2014. Plaintiff would not agree to SNA's request. The parties accordingly met-and-conferred, in person, on September 5. They remain unable to resolve their differences, necessitating this letter.

    **SNA's Position**

    The Court should stay discovery in this case until the Case Management Conference occurs, a discovery plan is in place, and the motions to dismiss are resolved. A temporary stay of discovery is warranted given SNA's pending motion to dismiss, which argues that this Court lacks jurisdiction because Plaintiff was not injured from her alleged purchase of a bottle of Filippo Berio Extra Virgin Olive Oil. Plaintiff will in no way be prejudiced by the short delay because she herself has proposed a nearly two-*year*-long discovery period. SNA, by contrast, will be prejudiced if Plaintiff pursues what likely will be unnecessary and improper discovery.

    Courts have discretion to stay discovery pending the resolution of a dispositive motion. *See Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). Courts consider several factors in deciding whether to stay discovery, including: (1) whether the motion would dispose of the case; (2) whether the plaintiff would be prejudiced by a stay; and (3) whether a pending motion raises factual issues that require discovery for their resolution. *See Little*, 863 F.2d at 685; *Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987). These factors weigh in favor of a temporary stay here.

    *First*, a stay is appropriate because SNA's Motion is dispositive and challenges Plaintiff's standing. *See Moore v. Webster* 932 F.2d 1229, 1232 (8th Cir. 1991); *Twin Fire Ins. Co. v. Employers Ins. of Wausau*, 124 F.R.D. 652, 653 (D. Nev. 1989). Plaintiff's own Complaint shows that she suffered no legally cognizable injury—she could not have been misled by SNA's "Imported from Italy" statement because she read the back label containing a full explanation of geographic origin; and she acknowledges that it is "impossible" to know whether the bottle of extra virgin olive oil she purchased was actually mislabeled. Plaintiff should not be allowed to invoke the Court's authority when she has not yet established Article III jurisdiction over her claims. Courts in this District routinely stay discovery under

similar circumstances.[1]

*Second*, Plaintiff will suffer no prejudice as a result of a temporary stay.  Plaintiff proposed a fact discovery cut-off date of *April 12, 2016*, fully 20 months from now.  See ECF No. 20, at 11.  While SNA believes 20 months may be excessive, there are no discovery deadlines at this time, no urgency underlying Plaintiff's requests, and no conceivable prejudice to Plaintiff.  To the contrary, a short stay until the Case Management Conference is appropriate because one of the primary purposes of such conferences is to allow the Court to structure the discovery process efficiently.  It makes little sense to allow Plaintiff to pursue wide-ranging merits discovery *before* that conference has occurred and a discovery plan is in place.

On the other hand, the prejudice to Defendant and third parties from the proposed discovery is manifest, because the door to discovery should only be opened after a valid claim has been asserted.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557-60 (2007).  Furthermore, much of the information requested by Plaintiff appears aimed at identifying persons who might *replace* Plaintiff if and when her suit is dismissed for lack of standing.  Such a practice is forbidden by controlling authority.  *See Hatch v. Reliance Ins.*, 758 F.2d 409 (9th Cir. 1985); *Bradbury v. T-Mobile USA*, C06-06567-CW, 2009 WL 3388163, at *1 (N.D. Cal. Oct. 20, 2009).

SNA also is prejudiced because Plaintiff improperly seeks to use the discovery process to besmirch SNA's reputation and deter its customers from purchasing SNA's products.  For example, the subpoenas include the unnecessarily inflammatory phrases "Mock EVOO Products" and "Mock Italian Products" when referring to Filippo Berio branded olive oils.  Use of such terms has no purpose other than to damage SNA's reputation and business and should not be permitted or condoned.  Thus, even if the Court allows some discovery over SNA at this time, it should not allow Plaintiff to move forward with her 20 third-party subpoenas, which are objectionable and procedurally defective for a host of reasons: apart from seeking information protected by trade secrets, fully 18 of the 20 subpoenas violate Rule 45(a)(2) because they were not issued from this Court, "where the action is pending;" at least 15 of them violate Rule 45(c) by seeking compliance well outside the 100-mile limit; and all of the subpoenas seek irrelevant information about "the amounts of ***wipes*** purchased."  SNA does not make or sell any wipes.

*Finally*, discovery will not help resolve the pending Motion.  All information relevant to whether Plaintiff suffered an injury is within Plaintiff's sole possession.  To the extent it is not, it is because, through her own actions, Plaintiff has rendered such evidence "impossible" to obtain.[2]

### **Plaintiff's Position**

Defendant requests that *all* discovery be stayed *indefinitely*.  The stay would not end even if one or more causes of action survive the pending motion to dismiss. Instead, Defendant would be permitted to avoid discovery until resolution of "motion***s*** [plural] to dismiss," by which it means motions it has not yet filed, and until the adoption of a "discovery plan," which Defendant does not even define. Defendant's

---

[1] *See, e.g.*, Minute Entry, *Samet v. Proctor & Gamble Co.*, No. 12-cv-1891-PSG (N.D. Cal. Mar. 19, 2013), ECF No. 76 (staying discovery "pending ruling on motions to dismiss"); Minute Entry, *Kosta v. Del Monte Corp.*, 12-cv-1722-YGR (N.D. Cal. Feb. 25, 2013), ECF No. 84 (same); Minute Entry, *Ivie v. Kraft Foods Global, Inc.*, No. 12-cv-02554-RMW (N.D. Cal. Feb. 8, 2013), ECF No. 48 (same).

[2] SNA notes that footnote 5 and the accompanying text on page 4 do not accurately reflect the parties' positions nor the meet and confer process that took place. SNA is happy to provide the Court with all of the meet-and-confer correspondence upon the Court's request.

request is predicated on false facts and unsupported conclusions, will prejudice Plaintiff and putative class members, and is contrary to established legal authority. Defendant's contentions of prejudice are particularly belied by its rejection of Plaintiff's compromise proposal during the meet and confer process, which would have deferred all discovery until after the CMC and required production only if one or more causes of action survived the pending motion to dismiss. Defendant's request for a stay should be denied.

To begin with, the Federal Rules of Civil Procedure does not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending. Indeed, district courts look unfavorably upon such blanket stays of discovery. *See, e.g., In re Valence Tech. Sec. Litig.*, No. C 94–1542–SC, 1994 WL 758688, at *2 (N.D. Cal. Nov.18, 1994); *see also Skellercup Indus. Ltd. v. City of L.A.*, 163 F.R.D. 598, 600–601 (C.D. Cal. 1995) ("Had the Federal Rules contemplated that a motion to dismiss under Fed.R.Civ.P. 12(b)(6) would stay discovery, the Rules would contain a provision for that effect. In fact, such a notion is directly at odds with the need for expeditious resolution of litigation.").

Defendant argues that an indefinite stay is appropriate because its motion may be dispositive of the case, and even if leave to amend is granted, it may have future motions. While Defendant is correct that its pending motion seeks to dismiss all of Plaintiff's causes of action, that alone is insufficient to justify a blanket stay of discovery. Rather, Defendant must establish that the entire case will *never* go beyond the pleading stage. Further it must do so by "clear and convincing" evidence or at least show an "immediate and clear possibility" of success. Defendant fails under either standard.

Plaintiff has already refuted the grounds asserted by Defendant in the pending motion to dismiss. (*See* Dkt.# 19.) More importantly, almost *identical* arguments raised in Defendant's motion were recently overruled in a nearly identical case against another olive oil brand. *See Kumar v. Safeway, Inc.*, Alameda Superior Court (Complex Dept.), Case No. RG 14726707. (Attached as Ex. B.). In that case, the Court (Carville, J.) overruled Safeway's demurrer as to Plaintiff's UCL, CLRA, FAL and fraud claims, rejecting the "standing" and other challenges raised here.

Defendant next argues that it, and some unnamed third parties, will be prejudiced by the proposed discovery. But a motion for a protective order seeking to preclude discovery must be supported by "good cause" and a "strong showing." *See Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir.1975). The party requesting a protective order must also demonstrate specific facts that support the request, rendering "conclusory or speculative statements about the need for a protective order and the harm which will be suffered without one" insufficient. *See NuCal Foods, Inc. v. Quality Egg LLC*, CIV S-10-3105 KJM, 2012 WL 6629573 (E.D. Cal. Dec. 19, 2012) (citation omitted.) Defendant fails here too.

With regard to alleged prejudice to third parties, even if Defendant had standing to make such an argument,[3] the allegation would be without factual support. Plaintiff set the response dates on the third party subpoenas for October 31—well after the hearing on the motion to dismiss. Additionally, Plaintiff has offered to extend all of the third party subpoena response and any production dates until after the CMC. She has only asked that the third parties comply with the Federal Rules and maintain the requested information from the date the subpoenas were served.

With regard to prejudice to Defendant, it argues that the third-party subpoenas are improperly aimed at finding a replacement class representative. Plaintiff has no such intent. In fact, Plaintiff's

---

[3] *See Deployment Med. Consultants, Inc. v. Pipes*, 08CV1959-JAH BGS, 2011 WL 811579, *2 (S.D. Cal. Mar. 2, 2011) (holding "the general rule is that a party has no standing to quash a subpoena served upon a third party, except as to privilege relating to the documents being sought.")

subpoenas are aimed at showing the existence of an ascertainable class of purchasers and gathering evidence from percipient witnesses to support class certification and the merits of her claims. It is well established that Plaintiff is permitted pre-certification contact with absent class members, particularly those similarly who complained. *See, e.g., McArdle v. AT & T Mobility LLC*, C 09-1117 CW (MEJ), 2010 WL 1532334 (N.D. Cal. Apr. 16, 2010) (ordering disclosure of names, addresses, and telephone numbers in the pre-certification class action context.); *Khalilpour v. CELLCO P'ship*, C 09–02712 CW, 2010 WL 1267749, at *3 (N.D. Cal., Apr.1, 2010) ("the disclosure of names, addresses, and telephone numbers is common practice in the class action context…"). Moreover, Defendant's objection to a few specific requests in no way justifies a blanket stay of discovery.

Defendant finally throws in a few largely irrelevant arguments, all of which are easily rebutted. It argues that Plaintiff will suffer no prejudice if a stay is imposed. This argument improperly shifts the burden to Plaintiff, as a plaintiff has a right to conduct discovery until the defendant makes a "strong showing" and "good cause" for staying all discovery, which it cannot do. In any event, there is prejudice to Plaintiff, because the existence of the subpoenas prevents third parties from destroying potentially relevant information, and because as the case will go forward in some form, Plaintiff has a need to begin gathering evidence. Defendant also complains that Plaintiff's subpoenas included a typo and used defined terms—Mock EVOO and Mock Italian Products—that besmirch the reputation of Plaintiff's counsel. Plaintiff is rectifying her typographical error and there was no mal-intent in creating defined terms. In any event, neither action justifies a stay of all discovery.

It should finally be noted that all of Defendant's arguments are belied by what occurred during the meet and confer process in anticipation of this joint letter. Plaintiff offered to stay discovery, including third party discovery, until after the CMC, if, in the interim, Defendant agreed to make minimal use of the time by gathering documents responsive to approximately a dozen discovery requests and information responsive to two interrogatories.[4] Per the agreement, Defendant would only have to produce and respond if at least one of Plaintiff's claims survived the motion to dismiss. Plaintiff additionally agreed to stay all third party discovery, on the sole condition that the third parties not destroy requested documents. Though the offer would have allowed Defendant's motion to be heard, and resolved all of the alleged prejudice it claims, Defendant rejected it and opted to make Plaintiff respond to the letter it had drafted three days in *advance* of the meet and confer.[5]

Sincerely,

| | |
|---|---|
| s/ Nitin Reddy | s/ Seth A. Safier |
| Nitin Reddy (nreddy@sidley.com) | Seth A. Safier (seth@gutridesafier.com) |
| For Defendant Salov North America Corp. | For Plaintiff Rohini Kumar |
| Sidley Austin LLP | Gutride Safier LLP |
| 555 W. Fifth Street, Suite 4000 | 835 Douglass Street |
| Los Angeles, CA 90013 | San Francisco, CA 94114 |

---

[4] Those discovery requests sought marketing materials and other information aimed at establishing the predominance of common questions of law and fact.

[5] With the in person meet and confer scheduled for Friday September 5, Defendant sent Plaintiff a draft of its portion of this joint letter on Wednesday and demanded that Plaintiff "provide us your portion in advance of the meet and confer on Friday, or if that is not possible, then certainly by 4:00 p.m. on Friday so that we may get the joint letter on file." Unlike Plaintiff, Defendant seemingly had no intention of meeting and conferring in good faith to reach a compromise.

## ATTESTATION

In accordance with Civil Local Rule 5-1(i)(3), I attest that concurrence in the filing of this document has been obtained from the other signatory.

Dated: September 15, 2014        By:        /s/ Nitin Reddy
                                            Nitin Reddy
                                            SIDLEY AUSTIN LLP
                                            Attorneys for Defendant
                                            SALOV NORTH AMERICA
                                            CORP.