**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **ROHINI KUMAR,** individually and on behalf of the general public and those similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>**SALOV NORTH AMERICA CORP.**,<br><br>Defendants. | Case No.: 14-CV-2411- YGR<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS** |

Plaintiff Rohini Kumar brings this putative class action against Defendant Salov North America Corp. alleging claims for: (1) violation of the California Consumer Legal Remedies Act ("CLRA"), California Civil Code § 1750, *et. seq.*; (2) violation of the California False Advertising Law("FAL"), Business and Professions Code § 17500, *et. seq.*; (3) breach of contract; (4) breach of the covenant of good faith and fair dealing; (5) fraud, deceit and/or misrepresentation; and (6) violation of the California Unfair Competition Law ("UCL"), Business and Professions Code § 17500, *et. seq.* Salov has filed a Motion to Dismiss on the grounds that Kumar lacks standing, has not alleged plausible claims, failed to plead fraud with particularity, and failed to set forth sufficient facts to state a claim for breach of contract.

Having carefully considered the papers submitted, the arguments made at the hearing on this matter, and the pleadings in this action, and for the reasons set forth below, the Court **ORDERS** that the Motion is **GRANTED IN PART AND DENIED IN PART**. While Plaintiff has sufficiently alleged claims for violation of the CLRA, FAL, and UCL, as well as a claim for fraud and deceit, the allegations in support of breach of contract, and covenant of good faith and fair dealing claims do not

set forth a cognizable basis for relief since there is no authority for finding privity of contract under the circumstances alleged.

## I. BACKGROUND

Defendant Salov imports, markets, and sells several different types of olive oil under its "Filippo Berio" brand, including: "Robusto Extra Virgin Olive Oil," "Extra Virgin Olive Oil," "Delicato Extra Virgin Olive Oil," "Organic Extra Virgin Olive Oil," "Olive Oil," and "Extra Light Olive Oil." (Complaint, Dkt. No. 1, at ¶ 17.) The words "Imported from Italy" appear prominently on the front label of each product. (*Id.* at ¶ 23.) However, a smaller statement on the back of the products indicates that the olives are grown, and pressed, in many other countries, such as Spain, Greece, and Tunisia, and the oils are shipped to Italy where they are blended and bottled for export. (*Id.*) Kumar alleges that the "Imported from Italy" statement on the product labels is false and violates federal regulations concerning country of origin and misbranding of food products. (*Id.* at ¶¶ 24-26.)

In addition, on two varieties of Salov's products ("Extra Virgin Olive Oil" and "Organic Extra Virgin Olive Oil"), the label contains the term "Extra Virgin," a descriptor reserved for the highest grade and quality of olive oil. (Complaint at ¶ 27.) The International Olive Council, the United States Department of Agriculture and the State of California all maintain standards for use of the term "extra virgin" in olive oil. (*Id.* at ¶¶ 27-30.) Kumar alleges that her counsel, in March of 2014, had several bottles of Salov's "Extra Virgin" products tested in an independent lab, which found that none of the sampled products met extra virgin standards. (*Id.* at ¶ 31.) Kumar alleges that Salov: (1) adulterates its olive oil with cheaper, refined olive oil; and (2) uses substandard, non-light protective (clear) bottles and unprotected transport/storage methods which allow the oil to degrade. As a consequence, the products do not meet the "extra virgin" standard at the time of sale or the "Best By" date on the package. (*Id.* at ¶¶ 35-38.)

Kumar alleges that she purchased a bottle Filippo Berio Extra Virgin Olive Oil at a Safeway in Berkeley, California, for approximately $6.00. (Complaint at ¶ 48.) She alleges that she later learned that the product she purchased was not extra virgin and was not made from olives grown and pressed in Italy. (*Id.* at ¶ 49.) She alleges that she relied on the statements on the label to assure that

2

she was purchasing extra virgin olive oil that was made from olives grown and pressed in Italy. (*Id.* at ¶ 47.) But for Salov's misrepresentations on the label, she would not have purchased the product or, at a minimum, would have paid less for the product she purchased. (*Id.* at ¶ 48.) Kumar seeks to represent three putative classes defined as follows:

- All persons who, between May 23, 2010, and the present, purchased, in California, any of Salov's products labeled as "Imported from Italy" (the "California Italian Class");
- All persons who, between May 23, 2010 and the present, purchased, in the United States, any of Salov's products labeled as "Extra Virgin" (the "EVOO Class"); and
- All members of the EVOO Class who made their purchases in California (the "California EVOO Subclass").

## II. APPLICABLE STANDARDS

Salov moves under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, challenging the legal sufficiency of the claims alleged. "Federal Rule of Civil Procedure 8(a)(2) requires only a 'short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 554 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). Even under the liberal pleading standard of Rule 8(a)(2), "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citing *Papasan v. Allain,* 478 U.S. 265, 286 (1986) (internal brackets and quotation marks omitted)). The Court will not assume facts not alleged, nor will it draw unwarranted inferences. *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009) ("Determining whether a complaint states a plausible claim for relief… [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.").

Rule 9(b) of the Federal Rules of Civil Procedure requires that "[i]n allegations of fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." To satisfy the rule, a plaintiff must allege the "who, what, where, when, and how" of the charged misconduct. *Vess v. Ciba-Geigy Corp. U.S.A.*, 317 F.3d 1097, 1106 (9th Cir. 2003). "[T]he circumstances constituting the alleged fraud must be specific enough to give defendants notice of the

particular misconduct so that they can defend against the charge and not just deny that they have done anything wrong." *Id*.

Pursuant to Rule 12(b)(6), a complaint may be dismissed for failure to state a claim upon which relief may be granted against that defendant. Dismissal may be based on either "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988) (citing *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984)). The complaint must plead "enough facts to state a claim [for] relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. If the facts alleged do not support a reasonable inference of liability, stronger than a mere possibility, the claim must be dismissed. *Id.* at 678–79; *see also In re Gilead Scis. Sec. Litig.,* 536 F.3d 1049, 1055 (9th Cir. 2008) (the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences").

A motion to dismiss for lack of subject matter jurisdiction may be made on the grounds that the lack of jurisdiction appears from the "face of the complaint," or may be based on extrinsic evidence apart from the pleadings. *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003). Where the jurisdictional issue is whether the plaintiff has standing, dismissal is also appropriate under Rule 12(b)(6) absent sufficient factual allegations in the complaint, which, if proven, would confer standing. *Sacks v. Office of Foreign Assets Control*, 466 F.3d 764, 771 (9th Cir. 2006).

**III. DISCUSSION**

    **A. Imported From Italy Claims**

        *1. Standing and Plausibility*

Salov argues the complaint does not allege a plausible claim, or allege a basis for her standing, because no reasonable consumer would understand "Imported from Italy" to mean that the product was made entirely from Italian-grown olives. Further, Kumar has alleged that she read the "best by" statement on the back of the product label, which also contains a statement that the product

4

United States District Court
Northern District of California

is "Packed in Italy with select extra virgin olive oils from Italy, Spain, Greece & Tunisia." (Complaint at ¶ 23.) Salov contends that Kumar would have to have read the latter statement if she looked at the back of the bottle, and therefore could not have been misled by the "Imported from Italy" statement on the front.

The Court cannot read into the complaint what Salov argues. The complaint does not allege Kumar read the "Packed in Italy" statement on the label back before purchasing the product.[1] The Court cannot find as a matter of law that Kumar saw or should have seen statements indicating that the olive oil was made from non-Italian olives. *See Williams v. Gerber Products Co.*, 552 F.3d 934, 939 (9th Cir. 2008) ("reasonable consumers should [not] be expected to look beyond misleading representations on the front of the box to discover the truth from the ingredient list in small print on the side of the box"); *see also Miller v. Ghirardelli Chocolate Co.*, 912 F. Supp. 2d 861, 874 (N.D. Cal. 2012) (under reasonable consumer standard, court cannot find no reasonable consumer would be deceived by label as a matter of law, despite statements on label that might have dispelled confusion about alleged misleading statements). Nor can the Court find, as a matter of law on the pleadings alone, that a reasonable consumer would not understand "Imported from Italy" to mean that the product was made exclusively made from olives grown in Italy. Thus, the motion to dismiss on these grounds is **DENIED**.

In addition, Salov contends that Kumar lacks standing for purposes of injunctive relief since her allegation—that she was misled by the label statements and later learned the statements were false—means that she cannot demonstrate a "real or immediate threat" that she will be misled in the future. Salov's argument proves too much, and would lead to the result that a class action plaintiff alleging mislabeling or false advertising could never seek injunctive relief on behalf of the class. Here, Kumar alleges false statements on the product labels. Those statements will be no less false in the future than they were when Kumar read them. The possibility of future injury is alleged sufficiently if the plaintiff would encounter the same statements today and could not be any more confident that they were true. *See Ries v. Arizona Beverages USA LLC*, 287 F.R.D. 523, 533 (N.D.

---

[1] Salov's request for judicial notice of a Filippo Berio Extra Virgin Olive Oil bottle label is **GRANTED**. The authenticity of the document is not disputed and the label is referenced within the complaint. *Davis v. HSBC Bank Nev., N.A.*, 691 F.3d 1152, 1160 (9th Cir. 2012).

5

Cal. 2012) ("[s]hould plaintiffs encounter the [alleged false statements] at the grocery store today, they could not rely on that representation with any confidence. This is the harm California's consumer protection statutes are designed to redress.").[2]

The Court finds the allegations of the complaint sufficient to plead standing for injunctive relief under the CLRA, UCL, and FAL.

### *2.  Allegations Based On Violation of the Tariff Act*

Salov argues that Kumar cannot rely on the Tariff Act[3] as a basis for her UCL claim because Congress has vested exclusive enforcement authority in the U.S. Customs and Border Protection agency. Thus Salov argues that Kumar has neither a right to enforce the Tariff Act directly nor a right to base her UCL unlawful conduct claim on the Tariff Act indirectly.

The Court does not agree. As the Supreme Court recently held, even if a private plaintiff is not permitted to enforce a federal statute or regulation directly, the federal law may form the predicate for a private right of action under another federal or state law where the federal law does not expressly prohibit such an action. *POM Wonderful LLC v. Coca-Cola Co.*, 134 S. Ct. 2228, 2237 (2014). In *Pom Wonderful*, despite the nearly exclusive enforcement authority vested in the Food and Drug Administration over enforcement of the Federal Food, Drug, and Cosmetic Act ("FDCA"), 21 U.S.C. § 301 *et seq.*, the Supreme Court held that violation of an FDCA provision could form the basis for a Lanham Act claim. *Id.* Here, Salov offers no authority that the Tariff Act expressly prohibits any action based on its provisions under federal or state consumer protection laws. Further, the Tariff Act is alleged as only one of many bases for Kumar's UCL claim, precluding dismissal on

---

[2] *Hodgers-Durgin v. de la Vina*, 199 F.3d 1037 (9th Cir. 1999), cited by Salov, is inapposite. The Ninth Circuit there affirmed a denial of class certification and grant of summary judgment because the plaintiffs had not offered sufficient evidence to show a reasonable likelihood that they would be subjected to unconstitutional stops by federal Border Patrol agents in the future. The federalism and other concerns at play, and the evidentiary record before the court, bear no relation to the pleading motion here.

[3] Section 304 of the Tariff Act requires articles of foreign origin imported into the United States to be "marked in a conspicuous place as legibly, indelibly, and permanently as the nature of the article (or container) will permit in such manner as to indicate to an ultimate purchaser in the United States the English name of the country of origin of the article." 19 U.S.C. § 1304 (a).

these grounds regardless of the argument. The Court will not dismiss the UCL claim on these grounds.[4]

In addition, Salov argues that the claim should be dismissed because, contrary to Kumar's allegations, its product labels actually comply with the Tariff Act. However, such factual issues are not proper questions to be resolved on a motion to dismiss.

**B. Extra Virgin Claims**

*1. Standing*

With respect to the Extra Virgin Claims, Salov argues that Kumar lacks standing because she has not made a plausible allegation that the bottle of olive oil she purchased was not extra virgin when she purchased it. Although the Complaint alleges that Kumar had some olive oil tested to find that it did not meet the extra virgin standard, she does not allege that the bottle she purchased was tested. Thus, Salov contends that Kumar has not alleged injury in fact.

The Court does not find the argument persuasive. Plaintiff has alleged that she was harmed because Salov sells products, marked extra virgin olive oil, that are mixed with lower-grade, refined olive oil, and are packaged and shipped in a manner making it likely to degrade by the time of purchase, and before the "best by" date on the label. Kumar alleges that she would not have purchased the product or paid a premium for it if she had known it was not made to be extra virgin. Kumar's theory of the claim does not require that she prove that the particular bottle of oil she purchased had, in fact, degraded to the point of not being extra virgin. Whether some bottle of olive oil might not have degraded, despite the mixing, packaging, and shipping defects alleged, does not defeat the claim. As stated in a similar action before Judge Seeborg of this court, "each consumer who purchases 'extra virgin' olive oil, is entitled to receive oil that meets that definition by design, not by happenstance." *Koller v. DeLeo,* 14-cv-2400-RS, Order Denying Motion to Dismiss, Dkt. No. 48, at 6; *see also In re Toyota Motor Corp.*, 790 F. Supp. 2d 1152, 1165 (C.D. Cal. 2011) (even if defect not yet manifest, plaintiffs have sufficiently alleged economic loss because the product was

---

[4] Salov cites to *Mugworld, Inc. v. G.G. Marck & Associates, Inc.*, 563 F. Supp. 2d 659, 666 (E.D. Tex. 2007) *aff'd sub nom. Mugworld Inc. v. G.G. Marck And Associates Inc.*, 351 F. App'x 885 (5th Cir. 2009). The order there—that a party should not be permitted to bring a claim under the Lanham Act if the predicate statute did not create a private right of action—does not appear to survive the Supreme Court's decision in *Pom Wonderful*.

alleged to have the defect and therefore economic loss was present from the time of purchase). If, as alleged here, the product will not meet the extra virgin standard by design, Kumar and other consumers who paid a premium for the product based upon the extra virgin representation state a cognizable injury.

Salov also argues that Kumar has failed to allege standing sufficiently because she only purchased one product, yet the class claims are directed at multiple products. As stated above, Kumar has alleged a cognizable injury based upon her purchase of one of the enumerated products here, and thus sufficiently alleges standing. The other products identified are alleged to be misleadingly labeled for the same reasons. Whether Kumar can properly represent a class of persons who purchased other products is a matter to be considered at the class certification stage, not the pleading stage. Any material differences between the products are more properly addressed in the context of class certification determinations about typicality and adequacy. *See Koh v. S.C. Johnson & Son, Inc.*, No. C-09-00927 RMW, 2010 WL 94265, at *3 (N.D. Cal. Jan. 6, 2010) ("the Supreme Court has not resolved whether the issue presented is a question of standing or adequacy of representation…[but] there is no brightline rule that different product lines cannot be covered by a single class"); *Clancy v. The Bromley Tea Co.*, No. 12-CV-03003-JST, 2013 WL 4081632, at *5 (N.D. Cal. Aug. 9, 2013); *Koller, supra*, at 9.

### *2. Fraud Allegations*

Kumar alleges a claim for fraud, deceit and/or misrepresentation on behalf of herself and the EVOO and California EVOO groups. The complaint alleges that Salov deceptively led Kumar to believe that the oil was of a certain quality or grade and failed to inform her that, due to their defective and low-quality bottles, the olive oil: would degrade; did not qualify as "extra virgin" at the time of sale and/or "best by" date on the label; and would not maintain the "extra virgin" flavor and quality until the "best by" date. (Complaint ¶ 90.) Kumar also alleges that Salov had a "duty to inform class members" that products were not "extra virgin" or would degrade over a short time, which were material omissions.

Salov argues that Kumar has not alleged the fraud with sufficient specificity to satisfy Rule 9(b). In particular, Salov alleges that the complaint does not state how Kumar handled the product,

how she used it, when she consumed it relative to the "best by" date, and when she learned that the oil was allegedly not extra virgin.

For a fraud-based claim to be actionable, a party must plead: (a) a false representation, concealment, or nondisclosure; (b) intent, knowledge, recklessness, or negligence; (c) justifiable reliance; and (d) resulting damage. *See Cadlo v. Owens-Illinois, Inc*., 125 Cal. App. 4th 513, 519 (2004); *Engalla v. Permanente Medical Group, Inc*., 15 Cal. 4th 951, 974 (1997). "Rule 9(b) demands that the circumstances constituting the alleged fraud be specific enough to give defendants notice of the particular misconduct ... so that they can defend against the charge and not just deny that they have done anything wrong." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (internal citations and quotations omitted). Here, Kumar has pleaded "'the who, what, when, where, and how' of the misconduct charged." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009). She alleges the misstatements on the product labels, how they were made, when, and where. The level of detail Salov seeks is not necessary at the pleading stage. The allegations here are sufficient to meet Kumar's obligations under Rule 8 and Rule 9(b). The motion to dismiss is **DENIED**. Information about the product Kumar purchased and how it was used may be pursued in discovery, and questions about class-wide proof of alleged reliance and damage can be addressed in the context of class certification.

### *3. Breach of Contract and Covenant of Good Faith and Fair Dealing*

Kumar alleges a breach of contract claim on behalf of herself and the EVOO and California EVOO groups. She also alleges a good faith and fair dealing claim on behalf of herself and the California EVOO group only. Salov contends that the claims are not cognizable because statements on a product label do not establish the existence of a contract which is necessary to state either claim. Salov argues that Plaintiff has confused existence of a contract individual to her, with a claim based upon a warranty running to a consumer/purchaser.

The Court agrees that Plaintiff has not alleged the existence of a contract between her and Salov based on product label representations since there is no basis alleged for establishing privity of contract. "Privity between the parties is a necessary element" of a breach of contract claim. *Benay v. Warner Bros. Entm't, Inc.*, 607 F.3d 620, 634 (9th Cir. 2010). Generally, "there is no privity

9

between a seller and a subsequent purchaser who is in no way a party to the original sale," *Burr v. Sherwin Williams Co.*, 42 Cal. 2d 682, 695 (1954). While there is no privity requirement for a claim of breach of express warranty based upon label representations, *id.* at 696, that is not the theory Kumar pleads here. Kumar cites to no case endorsing the view that statements on a product label could constitute a contract,[5] and has not alleged a breach of warranty claim. Consequently, the Court finds that the claims for breach of contract and breach of the covenant of good faith and fair dealing are not sufficiently pleaded and the motion to dismiss them is **GRANTED**. As amendment of the claims appears to be futile, no leave to amend is granted.

**IV. CONCLUSION**

Accordingly, the Motion to Dismiss is:

(1) **GRANTED WITHOUT LEAVE TO AMEND** as to the claims for breach of contract, and breach of the covenant of good faith and fair dealing; and

(2) **DENIED** as to the remaining claims.

Salov shall file its responsive pleading no later than **February 24, 2015.**

This terminates Docket No. 10.

**IT IS SO ORDERED**.

Dated: February 3, 2015

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

---

[5] *Garrison v. Whole Foods Mkt. Grp., Inc.*, No. 13-CV-05222-VC, 2014 WL 2451290, at *6 (N.D. Cal. June 2, 2014) (declining to dismiss breach of contract claim where privity argument not raised, but noting that "[i]t is not clear to the Court that the label on a food product constitutes a contract between a purchaser and the manufacturer of that product.")