Mark E. Haddad (SBN 205945)
mhaddad@sidley.com
Sean A. Commons (SBN 217603)
scommons@sidley.com
Nitin Reddy (SBN 229451)
nreddy@sidley.com
Collin P. Wedel (SBN 278461)
cwedel@sidley.com
**SIDLEY AUSTIN LLP**
555 West Fifth Street, Suite 4000
Los Angeles, California 90013
Telephone:  (213) 896-6000
Facsimile:  (213) 896-6600

Attorneys for Defendant
SALOV NORTH AMERICA CORP.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ROHINI KUMAR, an individual, on behalf of herself, the general public and those similarly situated,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>SALOV NORTH AMERICA CORP.,<br><br>　　　　　Defendant. | Case No. 4:14-CV-02411 YGR<br><br>**DEFENDANT'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT**<br><br>The Honorable Yvonne Gonzalez Rogers |

Defendant SALOV North America Corp. ("SNA"), for its answer and defenses to the Class Action Complaint ("Complaint") filed by Plaintiff Rohini Kumar ("Plaintiff") states as follows:

## INTRODUCTION

**PARAGRAPH NO. 1**:

This case concerns Defendants' false and deceptive marketing and sale of olive oil.

a.      First, Defendants identically represent that all of their olive oil products are "**IMPORTED FROM ITALY.**"  This leads consumers to reasonably believe that Defendants' olive oil products are made from olives grown, or at a minimum pressed, in Italy.   In truth, Defendants' olive oil is made from olives that are not grown, or even pressed, in Italy.  Rather, Defendants' olive oil is pressed (from olives grown) in other countries, and (at best) is trucked or shipped to Italy, bottled and then exported.

b.      Second, Defendants label their products as a particular grade of olive oil, namely "**Extra Virgin" Olive Oil**.   This representation is also false and misleading because, among other things, Defendants mix refined oil in with their extra virgin olive oil and/or bottle their olive oil in clear, non-ultraviolet protective bottles.   The use of clear bottles exposes the oil to sunlight and heat and causes chemical reactions inside the oil and causes it to oxidize, degrade and degenerate. These inferior bottles, which are used by Defendants for all of their extra virgin olive oil, do not preserve the oil as "extra virgin."  Rather, the oil degrades during shipping and while it is on retailer shelves.   Even if the oil is "extra virgin" at the time of bottling, Defendants know that the oil will not qualify (and cannot be defined) as "extra virgin" at the time it is sold to consumers. Defendants' deception is compounded by providing a "**Best By**" date on each bottle that is approximately a year to 18 months after the date of bottling, even though they know that the oil sold in their defective bottles will not be "extra virgin" through the period specified.

**RESPONSE TO PARAGRAPH NO.  1**:

SNA admits that the Filippo Berio brand olive oils at issue in this case are blends of olive oils acquired from various producers in Italy, Spain, Greece, and/or Tunisia, a fact disclosed on the labeling in simple and straightforward language.  For example, the labeling for the Filippo Berio extra virgin olive oil states: "Packed in Italy with selected extra virgin olive oils from Italy, Spain,

Greece & Tunisia."  The proprietary blends for Filippo Berio products are blended in SALOV. S.p.A.'s facilities in Massarosa, Italy and are then exported from Italy and imported into the United States.  Filippo Berio products thus are truthfully and accurately labeled as "Imported from Italy". Moreover, no reasonable consumer could construe "Imported from Italy" in the manner alleged by plaintiff, particularly in light of the disclosures on the product labeling.

Filippo Berio extra virgin olive oil products contain only extra virgin olive oil and thus are truthfully and accurately labeled as "Extra Virgin Olive Oil."  SNA denies that Filippo Berio products labeled as "Extra Virgin Olive Oil" contain refined olive oils.  The allegation is utterly without factual basis, and SNA reserves the right to seek sanctions as plaintiff does not have any evidence to support this irresponsible allegation.

SNA admits that some Filippo Berio extra virgin olive oil products are sold in clear bottles – an established practice commonly followed by distributors of olive oils, which allows consumers to see the color of oils prior to purchase – but denies that any of the packaging used for Filippo Berio products is "inferior" or that the bottles are mislabeled with respect to the "Best By" date. As glass bottles used for Filippo Berio extra virgin oils are tinted green glass, consumers are able to choose whether to buy tinted or clear bottles of Filippo Berio products.

SNA denies that any consumer has been deceived or misled by the labeling of Filippo Berio branded products.  If plaintiff was dissatisfied with a purchase of a Filippo Berio brand olive oil product, she – like any consumer – could have requested a free replacement or refund from SNA.

To the extent not admitted above, SNA denies each and every allegation in Paragraph 1, including those in subparagraphs a. and b.  SNA is without knowledge or information sufficient to form a belief about the truth of Paragraph 1 as to Italfoods, Inc., which is no longer a defendant in this action, except that SNA denies that Italfoods, Inc. distributes Filippo Berio olive oil products.

## PARTIES

**PARAGRAPH NO. 2**:

Rohini Kumar ("Plaintiff") is an individual and has been a resident of Berkeley, California since 2011.  At all other times since the beginning of the class period, Plaintiff was a resident of El Cerrito, California.

**RESPONSE TO PARAGRAPH NO. 2**:

SNA is without knowledge or information sufficient to form a belief about the truth of Paragraph 2 and, accordingly, denies the allegation.

**PARAGRAPH NO. 3**:

Defendant Salov North America Corp. ("Salov") is a corporation incorporated under the laws of the State of New York, having its principal place of business in Lyndhurst, New Jersey. Salov is a wholly owned subsidiary of Salov S.p.A.

**RESPONSE TO PARAGRAPH NO. 3**:

Admitted.

**PARAGRAPH NO. 4**:

Defendant Italfoods, Inc. ("Italfoods") is a corporation incorporated under the laws of the State of California, having its principal place of business in San Francisco, California.

**RESPONSE TO PARAGRAPH NO. 4**:

SNA is without knowledge or information sufficient to form a belief about the truth of Paragraph 4 and, accordingly, denies the allegations.  Additionally, Italfoods, Inc. is no longer a defendant to this action.

**PARAGRAPH NO. 5**:

Salov and Italfoods are collectively referred to hereafter as "Defendants."

**RESPONSE TO PARAGRAPH NO. 5**:

SNA admits that it is the defendant to this action.  Italfoods, Inc. is no longer a defendant.

**PARAGRAPH NO. 6**:

At all times herein mentioned, each of the Defendants was the agent, servant, representative, officer, director, partner or employee of the other Defendants and, in doing the things herein alleged, was acting within the scope and course of his/her/its authority as such agent, servant, representative, officer, director, partner or employee, and with the permission and consent of each Defendant.

**RESPONSE TO PARAGRAPH NO. 6**:

Because Italfoods, Inc. is no longer a defendant to this action, Paragraph 6 is no longer

relevant.  To the extent a response is required, SNA denies each and every allegation in Paragraph 6.  Italfoods, Inc. does not distribute Filippo Berio olive oil products.

**PARAGRAPH NO.  7**:

At all times herein mentioned, Defendants, and each of them, were members of, and engaged in, a joint venture, partnership and common enterprise, and acting within the course and scope of, and in pursuance of, said joint venture, partnership and common enterprise.

**RESPONSE TO PARAGRAPH NO.  7**:

Because Italfoods, Inc. is no longer a defendant to this action, Paragraph 7 is no longer relevant.  To the extent a response is required, SNA denies each and every allegation in Paragraph 7.  Italfoods, Inc. does not distribute Filippo Berio olive oil products.

**PARAGRAPH NO.  8**:

At all times herein mentioned, the acts and omissions of Defendants, and each of them, concurred and contributed to the various acts and omissions of each and all of the other Defendants in proximately causing the injuries and damages as herein alleged.

**RESPONSE TO PARAGRAPH NO.  8**:

Because Italfoods, Inc. is no longer a defendant to this action, Paragraph 8 is no longer relevant.  To the extent a response is required, SNA denies each and every allegation in Paragraph 8.  Italfoods, Inc. does not distribute Filippo Berio olive oil products.

**PARAGRAPH NO.  9**:

At all times herein mentioned, Defendants, and each of them, ratified each and every act or omission complained of herein.  At all times herein mentioned, the Defendants, and each of them, aided and abetted the acts and omissions of each and all of the other Defendants in proximately causing the damages, and other injuries, as herein alleged.

**RESPONSE TO PARAGRAPH NO.  9**:

Because Italfoods, Inc. is no longer a defendant to this action, Paragraph 9 is no longer relevant.  To the extent a response is required, SNA denies each and every allegation in Paragraph 9.  Italfoods, Inc. does not distribute Filippo Berio olive oil products.

DEFENDANT'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

1

## JURISDICTION AND VENUE

2

**PARAGRAPH NO. 10**:

3

This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C.

4

§ 1332(d)(2), because the matter in controversy exceeds $5,000,000, exclusive of interest and

5

costs, and is a class action in which at least one member of the class (Plaintiff) is a citizen of a

6

State different from at least one Defendant (Salov).

7

**RESPONSE TO PARAGRAPH NO. 10**:

8

This Paragraph contains legal conclusion to which no response is required.  To the extent a

9

response is required, SNA admits that the Court has subject matter jurisdiction under 28 U.S.C.

10

§ 1332(d)(2).  SNA is otherwise without knowledge or information sufficient to form a belief about

11

the truth of Paragraph 10 and, accordingly, denies the allegations.

12

**PARAGRAPH NO. 11**:

13

This Court has subject matter jurisdiction over the Defendants because they regularly

14

conduct and/or solicit business in, engage in other persistent courses of conduct in, and/or derive

15

substantial revenue from products and/or services provided to persons in this District and in this

16

State.

17

**RESPONSE TO PARAGRAPH NO. 11**:

18

This Paragraph contains legal conclusion to which no response is required.  To the extent a

19

response is required, SNA admits that olive oil products it distributes are sold in this District.  SNA

20

otherwise denies the allegations in Paragraph 11.

21

**PARAGRAPH NO. 12**:

22

Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial

23

part of the events or omissions giving rise to the claims occurred in the State of California,

24

including this District.  Defendants, in fact, sell more olive oil in the State of California that in any

25

other state in the United States.

26

**RESPONSE TO PARAGRAPH NO. 12**:

27

This Paragraph contains legal conclusions to which no response is required.  To the extent a

28

response is required, SNA denies that it sells more olive oil in the State of California than in any

1    other state, and plaintiff has no factual basis for alleging otherwise.  SNA admits that olive oil

2    products it distributes are sold in this District and in the State of California.

3    **PARAGRAPH NO.  13**:

4           In accordance with California Civil Code Section 1780(d), Plaintiff concurrently files

5    herewith a declaration establishing that, at various times throughout the class period, she purchased

6    bottles of Filipoo Berio Extra Virgin Olive Oil in Berkeley, California.  (Plaintiff's declaration is

7    attached hereto as Exhibit A.)

8    **RESPONSE TO PARAGRAPH NO.  13**:

9           SNA admits that Exhibit A to the Complaint purports to be a declaration.  SNA is otherwise

10   without knowledge or information sufficient to form a belief about the truth of Paragraph 13 and,

11   accordingly, denies the allegations.

12   **PARAGRAPH NO.  14**:

13          Plaintiff accordingly alleges that jurisdiction and venue are proper in this Court.

14   **RESPONSE TO PARAGRAPH NO.  14**:

15          This Paragraph contains legal conclusion to which no response is required.  To the extent a

16   response is required, SNA admits that the Court has subject matter jurisdiction under 28 U.S.C.

17   § 1332(d)(2) and that venue is not currently disputed.

18                               **SUBSTANTIVE ALLEGATIONS**

19   **A.     The Defendants**

20   **PARAGRAPH NO.  15**:

21          Defendants are importers, marketers, distributors, and sellers of Mediterranean food

22   products in the United States.

23   **RESPONSE TO PARAGRAPH NO.  15**:

24          SNA admits that it imports, markets, distributes, and sells olive oil in the United States.

25   SNA otherwise denies the allegations of Paragraph 15 that pertain to SNA.  SNA further responds

26   that, Italfoods, Inc. is no longer a defendant to this action and thus no further response to Paragraph

27   15 is required.  To the extent a further response to Paragraph 15 is required, SNA is without

28   knowledge or information sufficient to form a belief about the truth of the remainder of Paragraph

15 and, accordingly, denies the allegations.

**PARAGRAPH NO. 16**:

Defendants import, market, distribute, and sell, in the United States, the Filippo Berio brand of olive oil.

**RESPONSE TO PARAGRAPH NO. 16**:

SNA admits that it imports, markets, distributes, and sells the Filippo Berio brand of olive oil in the United States.  SNA further responds that, Italfoods, Inc. is no longer a defendant to this action and thus no further response to Paragraph 16 is required.  To the extent a further response to Paragraph 16 is required, SNA denies the allegations.

**B.      Defendants' False and Deceptive Product Packaging**

**PARAGRAPH NO. 17**:

This case concerns Defendants' marketing and sale of their Filippo Berio brand olive oil products.  The specific products as issue in this case are:

a.       Filippo Berio Robusto Extra Virgin Olive Oil;

b.       Filippo Berio Extra Virgin Olive Oil;

c.       Filippo Berio Delicato Extra Virgin Olive Oil;

d.       Filippo Berio Organic Extra Virgin Olive Oil;

e.       Filippo Berio Olive Oil; and

f.       Filippo Berio Extra Light Olive Oil.

These products are collectively referred to as the "Mock Italian Products" or simply the "Products."

**RESPONSE TO PARAGRAPH NO. 17**:

SNA denies the allegations in Paragraph 17 to the extent it alleges that SNA's olive oil products were or are falsely or misleadingly labeled, packaged, marketed, or sold.  SNA admits that it currently markets and sells the following olive oil products: Filippo Berio Robusto Extra Virgin Olive Oil, Filippo Berio Extra Virgin Olive Oil, Filippo Berio Delicato Extra Virgin Olive Oil, Filippo Berio Organic Extra Virgin Olive Oil, Filippo Berio Olive Oil, and Filippo Berio Extra Light Tasting Olive Oil.

**PARAGRAPH NO. 18**:

The subset of the Products that are marketed and sold as "Extra Virgin Olive Oil"—namely those listed in subparagraphs, (b) and (d)—are collectively referred to herein as the "Mock EVOO Products."[1]

**RESPONSE TO PARAGRAPH NO. 18**:

SNA denies the allegations in Paragraph 18 to the extent it alleges that SNA's olive oil products were or are falsely or misleadingly labeled, packaged, marketed, or sold.  SNA admits that, among others, its Filippo Berio Extra Virgin Olive Oil and Filippo Berio Organic Extra Virgin Olive Oil products are labeled as extra virgin olive oil.

**PARAGRAPH NO. 19**:

This case focuses on Defendants' representations (1) on all the Products, that the oil is "**IMPORTED FROM ITALY**" and (2) on all the Mock EVOO Products, that the oil qualifies (or is graded) as "**EXTRA VIRGIN**."

**RESPONSE TO PARAGRAPH NO. 19**:

SNA denies the allegations in Paragraph 19 to the extent it alleges that SNA's olive oil products were or are falsely or misleadingly labeled, packaged, marketed, or sold.  SNA admits that its imported olive oil products are properly labeled as "Imported From Italy," and that the SNA products labeled "Extra Virgin Olive Oil" contain extra virgin olive oil.

**PARAGRAPH NO. 20**:

Through Defendants' use of intentional misrepresentations and selective omission, each of the above representations deceives and misleads consumers.

a.      First, by stating "IMPORTED FROM ITALY," Defendants lead consumers to believe that these Products are made from Italian olives or, at a minimum, are pressed in Italy. This is false and deceptive.  In fact, none of the Mock Italian Products are made from olives grown

---

[1] Although Plaintiff's Complaint refers to four of SNA's olive oil products as the "Mock Italian Products," her August 15, 2014 Errata to Complaint restricts this pejorative misnomer to only two olive oil products: Filippo Berio Extra Virgin Olive Oil and Filippo Berio Organic Extra Virgin Olive Oil.  *See* ECF Doc. 18.  SNA disputes and denies plaintiff's attempt to rename these products as based on wholly unsupported and groundless allegations.

in Italy.  Nor are they pressed in Italy.  Rather, the Mock Italian Products are made from oil pressed in many different countries, trucked or shipped to Italy, mixed with oil from other countries, bottled and then exported.

b.      Second, Defendants mislead and deceive consumers by representing (and labeling) the Mock EVOO Products as "EXTRA VIRGIN"—i.e., the highest grade/quality of olive oil—when they know that, due to their use of substandard, clear (non-light protective) bottles, unprotected transport methods and storage procedures, the oil invariably degrades, and does not qualify as (or can be defined as) "extra virgin" olive oil at the time of sale and/or well before the "Best By" date.  All of Defendants' Mock EVOO Products are deceptively misbranded.

**RESPONSE TO PARAGRAPH NO.  20**:

SNA admits that the Filippo Berio brand olive oils at issue in this case are blends of olive oil acquired from various producers in Italy, Spain, Greece, and/or Tunisia.  The olive oils are blended in SALOV. S.p.A.'s facilities in Massarosa, Italy to achieve Filippo Berio's distinctive flavor profile –which no single source olive oil possesses – and are then exported from Italy and imported into the United States.  SNA further admits that Filippo Berio extra virgin olive oil products contain only extra virgin olive oil and are thus labeled as containing "Extra Virgin Olive Oil."  SNA otherwise denies each and every allegation in Paragraph 20, including as to subparagraphs a. and b.

**(1)      Defendants' False Origin Representations**

**PARAGRAPH NO.  21**:

Part 134, Chapter 1 of Title 19 of the Code of Federal Regulations sets forth regulations implementing the country of origin marking requirements and exceptions of section 304 of the Tariff Act of 1930, as amended (19 U.S.C. 1304), together with certain marking provisions of the Harmonized Tariff Schedule of the United States (19 U.S.C. 1202).

**RESPONSE TO PARAGRAPH NO.  21**:

Paragraph 21 contains legal conclusions to which no response is required.  To the extent a response is required, SNA admits that Part 134, Chapter 1 of Title 19 of the Code of Federal Regulations set forth regulations implementing the Tariff Act of 1930, as amended (19 U.S.C

9

1304), together with the Harmonized Tariff Schedule of the United States (19 U.S.C. 1202).

**PARAGRAPH NO. 22**:

19 C.F.R. § 134.46 requires that:

In any case in which…the name of any foreign country or locality other than the country or locality in which the article was manufactured or produced appear on an imported article or its container, and those words, letters or names may mislead or deceive the ultimate purchaser as to the actual country of origin of the article, there shall appear legibly and permanently in close proximity to such words, letters or name, and in at least a comparable size, the name of the country of origin preceded by "Made in," "Product of," or other words of similar meaning.

**RESPONSE TO PARAGRAPH NO. 22**:

Paragraph 22 contains legal conclusions to which no response is required.  To the extent a response is required, SNA incorporates by reference the full text of 19 C.F.R. § 134.46.

**PARAGRAPH NO. 23**:

All of Defendants' Products are marketed with labels in bold font that states "IMPORTED FROM ITALY," when the oil is, in fact, the product of countries other than Italy.  Yet, Defendants, in violation of 19 C.F.R. § 134.46, do not include on the Products, "in close proximity" to the "IMPORTED FROM ITALY" representation, any indication of the true country of origin of the olive oil preceded by "Made in," "Product of," or other words of similar meaning.  Instead, Defendants state only on the back of the Mock Italian Products, in much smaller font, the notation: "Packed in Italy with select extra virgin olive oils from Italy, Spain, Greece & Tunisia."

**RESPONSE TO PARAGRAPH NO. 23**:

Paragraph 23 contains a legal conclusion to which no response is required.  To the extent a response is required, SNA denies each and every allegation in Paragraph 23, except as follows: SNA admits that Filippo Berio brand olive oil products reflect that they are "Imported From Italy," and further disclose that they are "Packed in Italy with selected extra virgin olive oils from Italy, Spain, Greece & Tunisia."

**PARAGRAPH NO. 24**:

The United States Food and Drug Administration (the "FDA") has also promulgated regulations governing misbranding of food and providing that food is misbranded if its label

expresses or implies a geographical origin of the food or any ingredient of the food except when such representation is "[a] truthful representation of geographical origin." See 21 CFR § 101.18. Because the "IMPORTED FROM ITALY" representation is not truthful, Defendants' labels violate 21 CFR § 101.18, which has been independently adopted as part of the Sherman Food, Drug and Cosmetic Law, California Health and Safety Code ("Cal. Health & Saf. Code") § 109875, *et. seq*. *See* Cal. Health & Saf. Code §§ 110100(a), 110380, 110505 (adopting FDA standards).

**RESPONSE TO PARAGRAPH NO. 24**:

Paragraph 24 contains a legal conclusion to which no response is required. To the extent a response is required, SNA denies each and every allegation in Paragraph 24.

**PARAGRAPH NO. 25**:

Though Defendants may contend that in some instances the Products contain some olive oil from Italy, U.S. Customs and Border Protection ("CBP"), Department of Homeland Security, has consistently held that a manufacturer cannot claim that a product is "from" a particular country if it merely blends some product from that country with the same product from another country, as that process does not constitute a "substantial transformation" of the product from the other country which would justify a "country of origin" claim based on the manufacturing location. With specific regard to olive oil, in HQ 560944, dated April 27, 1998, CBP determined that the blending of Spanish olive oil with Italian olive oil in Italy does not result in a "substantial transformation" of the Spanish product that would allow it to become an Italian product.

**RESPONSE TO PARAGRAPH NO. 25**:

Paragraph 25 contains a legal conclusion to which no response is required. To the extent a response is required, SNA denies each and every allegation in Paragraph 25.

**PARAGRAPH NO. 26**:

The country of origin claims Defendants make on the Mock Italian Product bottles mislead consumers, as they misled Plaintiff, by prominently making an Italian origin claim on the front of the bottle, while placing in small print on the back of the bottle, cryptic information as to the actual non-Italian origin of the olive oil. The disclaimer on the back of the bottle does not lessen

1    Defendants' deception because, as the Ninth Circuit has stated, "reasonable consumers…should

2    [not] be expected to look beyond misleading representations on the front of the box to discover the

3    truth from the…small print on the side of the box." *Williams v. Gerber Products Co.*, 552 F.3d

4    934, 939 (9th Cir. 2008).

5    **RESPONSE TO PARAGRAPH NO.  26**:

6            Paragraph 26 contains legal conclusions to which no response  is required.  To the extent a

7    response is required, SNA denies each and every allegation in Paragraph 26, except that SNA

8    admits that Filippo Berio brand olive oil products disclose that they contain olive oils from Italy,

9    Greece, Spain and Tunisia on the label.  The reference to "Imported from Italy" appears in small

10   black font against a dark green background, whereas the disclosure on the back of the bottles are in

11   white font against a green background and are in plain and unambiguous language.  SNA also

12   admits that the Ninth Circuit has decided and issued a written opinion in the case of *Williams v.*

13   *Gerber Products Co.*, 552 F.3d 934, 939 (9th Cir. 2008), that said written opinion is the best

14   evidence of its contents, and that said opinion (like others) supports dismissal of plaintiff's claims

15   in this action.

16           **(2)       Defendants' False "Extra Virgin" Representations**

17   **PARAGRAPH NO.  27**:

18           "Extra Virgin" olive oil is widely understood to mean the best (or highest) grade/quality of

19   olive oil.  The term "Extra Virgin" is defined by the International Olive Council ("IOC"),[2] the

20   United States Department of Agriculture ("USDA"), and the State of California, the United States'

21   largest domestic olive oil producer.  The IOC, USDA, and State of California established chemistry

22   and sensory standards for "extra virgin" olive oil.  Under each of these standards, "extra virgin"

23   olive oil must have zero sensory defects and greater than zero fruitiness.  Defendants' Mock EVOO

24   Products inevitably fail each of these standards for "extra virgin" olive oil at the time of sale to

---

[2]  The IOC—an intergovernmental organization based in Madrid, Spain, with 16 member states plus the European Union—promotes olive oil around the world by tracking production, defining quality standards, and monitoring authenticity. The IOC officially governs 95% of international production and holds great influence over the rest. The USDA's olive oil standards are generally based upon the IOC's standards.

consumers and/or prior to the "best by" date on the bottle.

**RESPONSE TO PARAGRAPH NO.  27**:

SNA admits that the International Olive Council, the United States Department of Agriculture, and the State of California have established standards for extra virgin olive oil, which include a subjective evaluation of organoleptic characteristics particular to the specific sample being tested.  SNA further states that the standards themselves are the best evidence of their contents.  SNA otherwise denies the allegations contained in Paragraph 27, including in its final sentence.

**PARAGRAPH NO.  28**:

The IOC defines "Extra Virgin Olive Oil" as: virgin olive oil which has a free acidity, expressed as oleic acid, of not more than 0.8 grams per 100 grams.  The IOC utilizes a protocol for its sensory testing, which includes, but is not limited to, perception, sensation, and sensitivity.

**RESPONSE TO PARAGRAPH NO.  28**:

SNA admits that the IOC has established definitions and protocols concerning extra virgin olive oil, which include a subjective evaluation of organoleptic characteristics particular to the specific sample being tested.  SNA further states that the IOC's definitions and protocols themselves are the best evidence of their contents.

**PARAGRAPH NO.  29**:

Since 1948, the USDA has regulated olive oil grades and, like the IOC, utilizes both chemical and sensory standards to determine quality.  USDA standards define "U.S. Extra Virgin Olive Oil" as: "virgin olive oil which has excellent flavor and odor (median of defects equal to zero and median of fruitiness greater than zero) and a free fatty acid content, expressed as oleic acid, of not more than 0.8 grams per 100 grams." The USDA additionally requires that the oil meets the additional requirements outlined in the United States Standards for Grades of Olive Oil and Olive-Pomace Oil, 75 FR 22363 (April 28, 2010), which sets forth the criteria to ascertain the grades of the oil using both chemical and sensory standards.

DEFENDANT'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

**RESPONSE TO PARAGRAPH NO. 29**:

SNA denies Paragraph 29 to the extent that it suggests the USDA has regulated olive oils or utilized chemical and sensory standards since 1948.  SNA admits that the USDA has established voluntary standards concerning extra virgin olive oil, which include a subjective evaluation of organoleptic characteristics particular to the specific sample being tested.  SNA further states that the USDA's standards themselves are the best evidence of their contents.

**PARAGRAPH NO. 30**:

The State of California defines "Extra Virgin Olive Oil" as: "virgin olive oil that has excellent flavor and odor expressed as a median of defects equal to zero and a median of fruitiness greater than zero, has a free fatty acid content, expressed as oleic acid, of not more than 0.8 grams per 100 grams oil, has a peroxide value of not more than 20 milliequivalent peroxide oxygen per kilogram oil" and meets the additional chemical and sensory requirements for 'United States Extra Virgin Olive Oil' outlined in the United States Standards for Grades of Olive Oil and Olive-Pomace Oil published in the Federal Register that are in effect on October 25, 2010."  Cal. Health & Safety Code §§ 112877(a).[3]

**RESPONSE TO PARAGRAPH NO. 30**:

Paragraph 30 contains legal conclusions to which no response is required.  To the extent a response is required, SNA admits that the State of California has enacted Cal. Health & Safety Code §§ 112877(a) and its text is the best evidence of its content.  SNA admits that Connecticut, New York, and Oregon have adopted regulations contained in Regs. Conn. State Agencies § 21a-100-8, N.Y. Agric. & Mkts. Law § 204-a and ORS 2011 vol. 13, § 616716, respectively.  SNA further states that the regulations themselves are the best evidence of their content.

**PARAGRAPH NO. 31**:

In March of 2014, Plaintiff's counsel had several bottles of Defendants' Mock EVOO

---

[3] Other states similarly define "extra virgin." *See, e.g.*, Connecticut (Regs. Conn. State Agencies § 21a-100-8 (stating "'extra virgin olive oil' means virgin olive oil which has a free acidity, expressed as oleic acid, of not more than 0.8 grams per hundred grams.")); New York (N.Y. Agric. & Mkts. Law § 204-a stating "'extra virgin olive oil' means virgin olive oil which has a free acidity, expressed as oleic acid, of not more than 0.8 grams per hundred grams.")); Oregon (ORS 2011 vol. 13, § 616716 (adopting USDA standard).)

Products tested by an independent, IOC-accredited laboratory and organoleptic evaluation panel. Each bottle was purchased at well-known California retail stores, packed, and immediately shipped to an IOC-accredited laboratory and sensory panel for analysis.  The olive oil was tested prior to the "best by" date indicated by Defendants on the bottles.

**RESPONSE TO PARAGRAPH NO.  31**:

SNA is without knowledge or information sufficient to form a belief about the truth of Paragraph 31 and, accordingly, denies the allegations, including because plaintiff's counsel has never produced evidence of any such purported testing.  Any such testing could not possibly establish a purported defect in a product from a different lot allegedly purchased by plaintiff.

**PARAGRAPH NO.  32**:

The IOC-accredited laboratory and organoleptic evaluation panel determined that, contrary to Defendants' representations, none of the bottles of olive oil tested contained oil that qualified as "extra virgin," under both the chemical analysis and sensory assessment.  Each bottle tested contained an inferior grade of olive oil that did not qualify as "extra virgin" under the IOC, USDA, or State of California definitions.

**RESPONSE TO PARAGRAPH NO.  32**:

SNA is without knowledge or information sufficient to form a belief about the truth of Paragraph 32 and, accordingly, denies the allegations, including because plaintiff's counsel has never produced evidence of any such purported testing.  Any such testing could not possibly establish a purported defect in a product from a different lot allegedly purchased by plaintiff.

**PARAGRAPH NO.  33**:

Defendants know, or should have known, that the Mock EVOO Products they sell and market, and which are labeled as "extra virgin," do not meet the state, national, or international standards for "extra virgin" when sold to consumers and/or during the entire "best by" period indicated on the bottles.

**RESPONSE TO PARAGRAPH NO.  33**:

Denied.

**PARAGRAPH NO.  34**:

Defendants have been aware of the fact that their olive oils are not adequately preserved and do not maintain the quality of "extra virgin" since at least June of 2010, when the University of California at Davis' Olive Oil Center released its report entitled "Tests indicate that imported 'extra virgin' olive oil often fails international and USDA standards" (the "Report").  The Report[4] evaluated olive oils, including those sold by Defendants, based on standards and testing methods established by the IOC and USDA, as well as several newer standards and testing methods adopted in Germany and Australia.  The Report went on to note that the "samples failed extra virgin standards for reasons that include one or more of the following:

- oxidation by exposure to elevated temperatures, light, and/or aging;
- adulteration with cheaper refined olive oil;
- poor quality oil made from damaged and overripe olives, processing flaws, and/or improper oil storage."

**RESPONSE TO PARAGRAPH NO.  34**:

SNA denies the first sentence of Paragraph 34.  SNA admits that the University of California Davis Olive Center released a report entitled "Tests indicate that imported 'extra virgin' olive oil often fails international and USDA standards" in or around June 2010.  SNA further states that the report itself is the best evidence of its content.  SNA denies that the report utilized or properly applied the relevant standards and analytical methods used to evaluate extra virgin olive oils, as reflected by critiques of the report by, among others, the IOC.  SNA also denies plaintiff's interpretation of the report.  SNA is otherwise without knowledge or information sufficient to form a belief about the truth of the rest of Paragraph 34 and, accordingly, denies the allegations.

**PARAGRAPH NO.  35**:

With specific regard to the Filippo Berio brand olive oil that was tested, the Report found that two of the three samples tested by UC Davis failed the sensory qualifications for "extra virgin"

---

[4] The tests relied upon in the Report were conducted by scientists at UC Davis and at the Australian Oils Research Laboratory, a governmental research center accredited by the IOC (the "Australian Laboratory").

DEFENDANT'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

1   olive oil.

2   **RESPONSE TO PARAGRAPH NO. 35**:

3        SNA admits that the University of California Davis Olive Center released a report entitled

4   "Tests indicate that imported 'extra virgin' olive oil often fails international and USDA standards"

5   in or around June 2010.  SNA further admits that the report found that every sample of Filippo

6   Berio brand olive oil passed all IOC and 2010 USDA objective standards for "Extra Virgin Olive

7   Oil."  SNA further states that the report itself is the best evidence of its content.  SNA denies that

8   the report utilized or properly applied the relevant standards and analytical methods used to

9   evaluate extra virgin olive oils, as reflected by critiques of the report by, among others, the IOC.

10  SNA also denies plaintiff's interpretation of the report.  SNA otherwise denies the remainder of the

11  allegations in Paragraph 35.

12  **PARAGRAPH NO. 36**:

13       In April of 2011, UC Davis released a follow-up study.  UC Davis again worked with the

14  Australian Laboratory to evaluate the quality of extra virgin olive oils sold on retail shelves in

15  California.  UC Davis and the Australian Laboratory evaluated the oils based on the standards and

16  testing methods established by the IOC.  Additionally, the two laboratories analyzed the oils using

17  two testing methods adopted in Germany and Australia.  The Australian Olive Association adopted

18  these tests to help detect extra virgin olive oils that were old and oxidized and not up to "extra

19  virgin" olive oil standards.  The follow-up study found that 39% of the 18 samples of Filippo Berio

20  extra virgin olive oil tested failed at least one chemical test for "extra virgin" and 83% of the

21  samples failed both sensory assessments.

22  **RESPONSE TO PARAGRAPH NO. 36**:

23       SNA admits that the University of California Davis Olive Center released a second report in

24  or around April 2011.  The report itself is the best evidence of its contents.  SNA denies that the

25  report utilized or properly applied the relevant standards and analytical methods used to evaluate

26  extra virgin olive oils.  SNA otherwise denies the remainder of the allegations in Paragraph 36.

27  **PARAGRAPH NO. 37**:

28       It is a well-known in the olive oil industry that all olive oil must be stored in a cool and dark

17

environment to preserve "extra virgin" qualities.  Heat and light cause chemical reactions inside the oil and causes it to degenerate into undesirable chemical products, thereby adulterating and degrading the oil.  For example, a 2007 study by researchers at the National Agricultural Research Foundation, Institute of Technology of Agricultural Products, Greece and the Higher Technical Educational School, Department of Food Science, Thermi, Thessaloniki, Greece, which Defendants are aware of, concluded that olive oil exposed to light had significantly lower tocopherol, carotenoid and chlorophyll contents than did the same oils kept in the dark.  Overall, the results obtained showed that the shelf life of the oils exposed to light is shorter than that of oils kept in the dark, and that after only ***two months*** of exposure to light the oils examined could no longer be considered as "extra virgin."

**RESPONSE TO PARAGRAPH NO.  37**:

SNA denies each and every allegation in Paragraph 37.

**PARAGRAPH NO.  38**:

Defendants continue to pack their olive oil in clear bottles and do not take steps to adequately protect the Mock EVOO Products from light degradation once they reach stores.  Indeed, Defendants do not have a policy for removing the Mock EVOO Products from store shelves after they have become degraded by light or other conditions.  Further, Defendants indicate a "best by" date on the Mock EVOO Products that is a year to eighteen months after the oil is bottled – well beyond the two months it takes oil exposed to light to degrade such that it is no longer "extra virgin." Defendants know that the Mock EVOO Products are not "extra virgin" when they are sold to consumers and/or through the entire "best by" period indicated the bottles, but they label and price the oil as "extra virgin" and include the "best by" date even though they know it to be untrue.

**RESPONSE TO PARAGRAPH NO.  38**:

SNA denies each and every allegation in Paragraph 38.

**C.     Defendants Compound Their Deception With Targeted Marketing and Advertising Campaigns**

DEFENDANT'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

**PARAGRAPH NO.  39**:

Over the past twenty years, extra virgin olive oil has become increasingly popular among consumers.  The media has reported extensively on the health benefits of olive oil, with numerous media outlets covering studies suggesting that olive oil can lower cholesterol and risks of cancer.  Often these articles advise consumers that *extra virgin* olive oil is healthier than other kinds of olive oil.  *See, e.g.* http://www.npr.org/blogs/thesalt/2013/09/30/226844915/to-get-thebenefits-of-olive-oil-fresh-may-be-best and http://www.mindbodygreen.com/0-12906/6-greatreasons-to-fall-in-love-with-olive-oil.html, last accessed April 21, 2014.

**RESPONSE TO PARAGRAPH NO.  39**:

SNA admits that extra virgin olive oil has increased in popularity over time and has health benefits.  SNA is otherwise without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 39 and, accordingly, denies the allegations.

**PARAGRAPH NO.  40**:

Because real extra virgin olive oil has a distinct flavor profile, chefs and food writers often recommend it for cooking over regular olive oil.  Its popularity surged over the last two decades, in part, because of the popularity of the Food Network channel, and the fact that many chefs appearing on that channel recommend it.  For example, Rachel Ray, a well known celebrity chef famous for easy to prepare meals, uses extra virgin olive oil so frequently in her television programs that she was credited with coining the "EVOO" acronym.  See http://en.wikipedia.org/wiki/Rachael_Ray, last accessed April 21, 2014.  Giada De Laurentiis, another popular Food Network host and celebrity chef, uses *Italian extra virgin olive oil* in her recipes, and regularly advises viewers and home cooks to buy Italian extra virgin olive oil in order to recreate her Italian dishes at home.  Mario Batali, a former Food Network chef, cookbook author, and current host of a popular daytime talk show, The Chew, has stated in his cookbooks and in numerous television programs that the best olive oil in the world comes from Italy.  He accordingly counsels consumers to only use extra virgin olive oil from Italy when cooking.

**RESPONSE TO PARAGRAPH NO.  40**:

SNA admits that extra virgin olive oils, including Filippo Berio branded extra virgin olive

oils, have a distinctive flavor profile.  SNA is otherwise without knowledge or information sufficient to form a belief about the truth of Paragraph 40 and, accordingly, denies the allegations.

**PARAGRAPH NO.  41**:

Extra virgin olive oil is so frequently recommended by chefs that a search for "extra virgin olive oil" on www.foodnetwork.com, the website operated by the Food Network, brings up more than 8,500 recipes that call for extra virgin olive oil as an ingredient in the recipe. http://www.foodnetwork.com/search/search-results.recipes.html?searchTerm=%22extra+virgin+olive+oil%22&lastFilter=tab&_charset_=UTF-8, last accessed April 21, 2014.  Other popular recipe websites, such as allrecipes.com and epicurious.com similarly feature thousands of recipes calling for "extra virgin olive oil."

**RESPONSE TO PARAGRAPH NO.  41**:

SNA admits that certain recipes call for the use of extra virgin olive oil.  SNA is otherwise without knowledge or information sufficient to form a belief about the truth of Paragraph 41 and, accordingly, denies the allegations.

**PARAGRAPH NO.  42**:

Defendants unfairly and unlawfully attempt to capitalize on consumers' desire for Italian and extra virgin olive oil.  Defendants, in fact, have employed a variety of long-term marketing and advertising campaigns and strategies to deceive consumers into believing that that Products are Italian and the Mock EVOO Products are high quality extra virgin olive oil.  For example, Defendants have a partnership with a popular Italian celebrity chef Mary Ann Esposito.  Esposito has designed recipes and cooking videos for Defendants' consumers to encourage them to use the (more expensive) "Extra Virgin Olive Oil" in recipes, particularly those for Italian food.

**RESPONSE TO PARAGRAPH NO.  42**:

SNA admits that Mary Ann Esposito has designed recipes that SNA includes on its Filippo Berio website.  SNA otherwise denies each and every allegation contained in Paragraph 42, including that consumers would share plaintiff's purported misunderstanding of the labeling of Filippo Berio products, particularly in light of the plain language disclosure on the labeling.

**PARAGRAPH NO. 43**:

Defendants also rely on their website, to further their deception.  For example, their website includes a tab titled "Our Olive Grove." They inform their consumers, falsely, that Defendants' Products come from an olive grove in Italy:



The largest olive grove in Italy, La Traversagna is located at the foot of the Tuscan hills in the Lucca Province near Pisa. Nestled in this picturesque, sun-drenched valley, La Traversagna is the site of our family's century-old farmhouse, the epicenter of the Filippo Berio® tradition.

A walk through La Traversagna is like a step back in time, when olives were grown and hand picked in much the same way they are today. Our trees enjoy full and prosperous flowering due to year-round care, which allows the olives to reach optimal size and maturity just before harvesting.

With 45,000 olive trees planted across 250 acres of beautiful green meadows, La Traversagna is truly an olive oil paradise.

**RESPONSE TO PARAGRAPH NO. 43**:

SNA admits that a Filippo Berio website currently includes a tab on a page concerning "Our HERITAGE" titled "Our Olive Grove," which includes the graphic in Paragraph 43.  SNA otherwise denies each and every allegation in Paragraph 43, including plaintiff's unreasonable misinterpretation of the text of the website.

**D.     Defendants' Conduct Differs From That Of Their Competitors**

**(1)     Defendants' Competitors' Disclosures Related to the Origin of Their Products**

**PARAGRAPH NO. 44**:

Unlike Defendants who claim their Products are "IMPORTED FROM ITALY," certain of their competitors state that their olive oil products are "PACKED IN ITALY" or "BOTTLED IN ITALY" or make no claim on the front of the package about the place of manufacture.  For example, one of Defendants' competitors in the olive oil market is Violi brand olive oil.  Violi sells its olive oil for lower prices that Defendants' comparable products.  It states "PACKED IN ITALY" on its bottles.  Trader Joe's bottles of olive oil, which the company also sells for a lower

DEFENDANT'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

cost than Defendants' olive oils, too state "PACKED IN ITALY." Other of Defendants' olive oil competitors, including Rizzoli, state on bottles that the olive oil is "BOTTLED IN ITALY." Other companies, such as Star brand olive oil, make no reference on the front of the package of the geographic origin of their olive oil, unless the oil is, in fact, made from olives that are grown and pressed in that country, state or region. Other of Defendants' competitors, like Pompeian olive oil, simply state, on the primary label panel, that the olive oil is "IMPORTED" without reference to any geographical region.

**RESPONSE TO PARAGRAPH NO. 44**:

SNA is without knowledge or information sufficient to form a belief about the truth of Paragraph 44 and, accordingly, denies the allegations, except as follows: SNA admits that Filippo Berio brand olive oil products state that they are "Imported From Italy," contain proprietary blends of olive oils blended and exported from Italy, state that they are "Packed in Italy," and also state that they contain a blend of olive oils from several countries.

**(2) Defendants' Competitors Use Bottles Designed to Prevent Degradation of Their Olive Oil**

**PARAGRAPH NO. 45**:

Unlike Defendants, many of their competitors bottle their olive oils in bottles that are designed to better maintain the quality of the oil inside the bottles. For example, California Olive Ranch olive oils are bottled in green glass to prevent exposure to light. Castillo de Piñar Olive Oil is bottled in violet glass bottles, which preserve the "organoleptic qualities" of the company's olive oils. And, Colavita, a large manufacturer of olive oil, and one of Defendants' main competitors, bottles its olive oil in dark greenish glass. Indeed, following the release of the results of the UC Davis Report, Colavita, unlike Defendants, made the decision to change to dark glass bottles, even if it cost them more and reduced sales. Its CEO, Enrico Colavita, stated: "Even if consumers want to see the color of the olive oil, we are moving to all dark bottles." *See* http://www.oliveoiltimes.com/ olive-oil-basics/ world/colavita-davis-olive-oil-study/7186 (last visited, April 21, 2014.)

**RESPONSE TO PARAGRAPH NO.  45**:

SNA is without knowledge or information sufficient to form a belief about the truth of Paragraph 45 and, accordingly, denies the allegations.

**PLAINTIFF'S EXPERIENCE**

**PARAGRAPH NO.  46**:

Plaintiff regularly purchases extra virgin olive oil for home use.  At various times throughout the class period, she purchased Defendants' Filippo Berio Extra Virgin Olive Oil at a Safeway in Berkeley, California.

**RESPONSE TO PARAGRAPH NO.  46**:

SNA is without knowledge or information sufficient to form a belief about the truth of Paragraph 46 and, accordingly, denies the allegations

**PARAGRAPH NO.  47**:

Prior to purchasing Defendants' Filippo Berio brand extra virgin olive oil, Plaintiff reviewed the packaging to satisfy herself that she was purchasing extra virgin olive oil from Italy. Plaintiff specifically reviewed Defendants' statements on the package that the product was "extra virgin" and "Imported from Italy."  Plaintiff relied on Defendants' affirmative disclosures to believe she was purchasing olive oil that was both extra virgin and made from olives that were grown and pressed in Italy.  Plaintiff also relied on Defendants' failure to adequately disclose that by "Imported from Italy" it meant that it was "packed" or "bottled" in Italy and that it was not either pressed in or made (exclusively) from olives that had been grown in Italy.

**RESPONSE TO PARAGRAPH NO.  47**:

SNA is without knowledge or information sufficient to form a belief about the truth of Paragraph 47 and, accordingly, denies the allegations.  Based on her allegations, plaintiff could not reasonably have been misled regarding Filippo Berio brand extra virgin olive oil.

**PARAGRAPH NO.  48**:

Plaintiff purchased Defendants' Filippo Berio extra virgin olive oil from a Safeway supermarket in Berkeley, California for approximately $6 a bottle.

23

**RESPONSE TO PARAGRAPH NO. 48**:

SNA is without knowledge or information sufficient to form a belief about the truth of Paragraph 48 and, accordingly, denies the allegations.

**PARAGRAPH NO. 49**:

Plaintiff later learned that the product she purchased was not extra virgin. Plaintiff also later learned that the product she purchased was not made from olives grown and pressed in Italy. Had Defendants not misrepresented (by omission and commission) the true nature of the olive oil, Plaintiff would not have purchased Defendants' product or, at a very minimum, she would have paid less for the product that she purchased.

**RESPONSE TO PARAGRAPH NO. 49**:

SNA denies that it made any misrepresentations and is otherwise without knowledge or information sufficient to form a belief about the truth of Paragraph 49 and, accordingly, denies the allegations. Plaintiff does not allege any facts that support her assertion that any Filippo Berio extra virgin olive oil product she purchased was not, in fact, extra virgin.

**PARAGRAPH NO. 50**:

Plaintiff intends to make additional purchases of olive oil, including brands that are or may be owned by Defendants. Plaintiff has no way to determine prior to her purchases whether oil sold by Defendants was made from olives grown and/or pressed in Italy and whether oils labeled "extra virgin" actually meet the standards of that grade. Thus, in the absence of the injunctive relief requested in this Complaint, Plaintiff is likely to be deceived in the future and to suffer additional harm.

**RESPONSE TO PARAGRAPH NO. 50**:

SNA denies that plaintiff "has no way to determine prior to purchase whether oil" distributed by SNA "was made from olives grown and/or pressed in Italy…." Such information is plainly disclosed on the product labeling of Filippo Berio brand olive oil products in close proximity to the "Best By" date that plaintiff allegedly read before purchasing. SNA also denies that plaintiff faces any risk of future harm because, like any consumer, if she is dissatisfied with a purchase of a Filippo Berio brand olive oil product, she can request a free replacement or refund –

1  something plaintiff did not seek prior to filing this meritless lawsuit and making baseless and

2  patently false allegations.  SNA is without knowledge or information sufficient to form a belief

3  about the truth of Paragraph 50 and, accordingly, denies the allegations.

**CLASS ALLEGATIONS**

**PARAGRAPH NO.  51**:

Plaintiff brings this action against Defendants on behalf of herself and all others similarly

situated, as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, section 382

of the California Code of Civil Procedure, and section 1781 of the California Civil Code.  Plaintiff

seeks to represent the following groups of similarly situated persons, defined as follows:

> All persons who, between May 23, 2010 and the present, purchased, in
> California, any of Defendants' Mock Italian Products (the "California Italian
> Class");

> All persons who, between May 23, 2010 and the present, purchased, in the
> United States, any of Defendants' Mock EVOO Products (the "EVOO
> Class"); and

> All members of the EVOO Class who made their Fake EVOO Product
> purchases in California (the "California EVOO Subclass").

**RESPONSE TO PARAGRAPH NO.  51**:

Denied as to each and all of the allegations except as follows: SNA admits that plaintiff and

her counsel purport to bring this action under Federal Rule of Civil Procedure 23, California Code

of Civil Procedure § 382, and California Civil Code § 1781 on behalf of plaintiff and a putative

class.  SNA denies that plaintiff or her counsel can satisfy any of the requirements for certification,

including due to lack of standing, lack of ascertainability, lack of adequacy, lack of commonality,

and the predominance of individual questions of fact and law.

**PARAGRAPH NO.  52**:

This action has been brought and may properly be maintained as a class action against

Defendants pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure,

California Code of Civil Procedure section 382 because there is a well-defined community of

interest in the litigation and the proposed class is easily ascertainable.

**RESPONSE TO PARAGRAPH NO. 52**:

Paragraph 52 contains legal conclusions to which no response is required.  To the extent a response is required, SNA denies each and every allegation in Paragraph 52.

**PARAGRAPH NO. 53**:

Numerosity: Plaintiff does not know the exact size of the classes or subclass, but it is estimated that each is composed of more than 100 persons.  The persons are so numerous that the joinder of all such persons is impracticable and the disposition of their claims in a class action rather than in individual actions will benefit the parties and the courts.

**RESPONSE TO PARAGRAPH NO. 53**:

Paragraph 53 contains legal conclusions to which no response is required.  To the extent a response is required, SNA denies each and every allegation in Paragraph 53.

**PARAGRAPH NO. 54**:

Common Questions Predominate: This action involves common questions of law and fact to the potential classes and subclass because each class and subclass member's claim derives from the deceptive, unlawful and/or unfair statements and omissions that led Defendants' customers to believe that the Products were (or at a minimum contained olives) from Italy, and/or extra virgin. The common questions of law and fact predominate over individual questions, as proof of a common or single set of facts will establish the right of each member of the classes and subclass to recover.  Among the common questions of law and fact are:

a)      Whether Defendants' Products were pressed in Italy and/or made from Italian olives;

b)      Whether Defendants' Mock EVOO Products qualify as "extra virgin olive oil" as that term is commonly understood and/or legally defined;

c)      Whether Defendants unfairly, unlawfully and/or deceptively failed to inform class members that their Products were not Italian or "extra virgin," as of the purchase date and/or the "best by" date on the labels;

d)      Whether Defendants misled class members by, *inter alia*, representing that their Products were "Imported from Italy" and "Extra Virgin" Olive Oil;

DEFENDANT'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

e)      Whether Defendants' advertising and marketing regarding their Products sold to class members was likely to deceive class members or was unfair;

f)      Whether Defendants' bottles for distributing the Mock EVOO Products were inadequate or defective to preserve the "extra virgin" quality of the oil;

g)      Whether Defendants engaged in the alleged conduct knowingly, recklessly, or negligently;

h)      The amount of revenues and profits Defendants received and/or the amount of monies or other obligations lost by class members as a result of such wrongdoing;

i)      Whether class members are entitled to injunctive and other equitable relief and, if so, what is the nature of such relief; and

j)      Whether class members are entitled to payment of actual, incidental, consequential, exemplary and/or statutory damages plus interest thereon, and if so, what is the nature of such relief.

**RESPONSE TO PARAGRAPH NO.  54**:

Paragraph 54 contains legal conclusions to which no response is required.  To the extent a response is required, SNA denies each and every allegation in Paragraph 54, including as to subparagraphs (a) through (j).

**PARAGRAPH NO.  55**:

Typicality: Plaintiff's claims are typical of the class and subclass members because, in California, throughout the class period, she purchased at least one of Defendants' Products, Defendants' Filippo Berio Extra Virgin Olive Oil, in reliance on Defendants' misrepresentations and omissions that it was "extra virgin" and "Imported from Italy." Thus, Plaintiff and the class members sustained the same injuries and damages arising out of Defendants' conduct in violation of the law.  The injuries and damages of each class member were caused directly by Defendants' wrongful conduct in violation of law as alleged.

**RESPONSE TO PARAGRAPH NO.  55**:

Paragraph 55 contains legal conclusions to which no response is required.  To the extent a response is required, SNA denies each and every allegation in Paragraph 55.

**PARAGRAPH NO. 56**:

Adequacy: Plaintiff will fairly and adequately protect the interests of all class members because it is in her best interests to prosecute the claims alleged herein to obtain full compensation due to her for the unfair and illegal conduct of which she complains. Plaintiff also has no interests that are in conflict with or antagonistic to the interests of class and subclass members. Plaintiff has retained highly competent and experienced class action attorneys to represent her interests and that of the classes and subclass. By prevailing on her own claim, Plaintiff will establish Defendants' liability to all class and subclass members. Plaintiff and her counsel have the necessary financial resources to adequately and vigorously litigate this class action, and Plaintiff and counsel are aware of their fiduciary responsibilities to the class and subclass members and are determined to diligently discharge those duties by vigorously seeking the maximum possible recovery for class members.

**RESPONSE TO PARAGRAPH NO. 56**:

Paragraph 56 contains legal conclusions to which no response is required. To the extent a response is required, SNA denies each and every allegation in Paragraph 56.

**PARAGRAPH NO. 57**:

Superiority: There is no plain, speedy, or adequate remedy other than by maintenance of this class action. The prosecution of individual remedies by members of the classes and subclass will tend to establish inconsistent standards of conduct for the Defendants and result in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions world engender. Furthermore, as the damages suffered by each individual member of the class may be relatively small, the expenses and burden of individual litigation would make it difficult or impossible for individual members of the class to redress the wrongs done to them, while an important public interest will be served by addressing the matter as a class action.

DEFENDANT'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

**RESPONSE TO PARAGRAPH NO.  57**:

Paragraph 57 contains legal conclusions to which no response is required.  To the extent a response is required, SNA denies each and every allegation in Paragraph 57.

**PARAGRAPH NO.  58**:

Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

**RESPONSE TO PARAGRAPH NO.  58**:

Paragraph 58 contains legal conclusions to which no response is required.  To the extent a response is required, SNA denies each and every allegation in Paragraph 58.

## CAUSES OF ACTION

**PARAGRAPH NO.  59**:

Plaintiff does not plead, and hereby disclaims, causes of action under the Food Drug and Cosmetic Act ("FDCA") and regulations promulgated thereunder by the FDA.  If failure to do so would cause any of her claims to be preempted, Plaintiff also disclaims causes of action under the Tariff Act and regulations promulgated by the USDA, IOC and/or CBP.  Plaintiff relies on these regulations only to the extent such laws and regulations have been separately enacted as state law or regulations or provide a predicate basis of liability under the state and common laws cited in the following causes of action.

**RESPONSE TO PARAGRAPH NO.  59**:

Paragraph 59 contains legal conclusions to which no response is required.  To the extent a response is required, SNA is without knowledge or information sufficient to form a belief about the truth of Paragraph 59 and, accordingly, denies the allegations.

### PLAINTIFF'S FIRST CAUSE OF ACTION
**(Violation of the Consumers Legal Remedies Act, California Civil Code § 1750, *et. seq.*)**
**On Behalf of Herself and the California Italian Class and the California EVOO Subclass**

**PARAGRAPH NO.  60**:

Plaintiff realleges and incorporates the paragraphs of this Class Action Complaint as if set forth herein.

DEFENDANT'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

**RESPONSE TO PARAGRAPH NO.  60**:

SNA repeats and re-alleges each and every answer contained in the paragraphs above as though fully set forth herein.

**PARAGRAPH NO.  61**:

This cause of action is brought pursuant to the California Consumers Legal Remedies Act, California Civil Code § 1750, *et. seq*. ("CLRA").

**RESPONSE TO PARAGRAPH NO.  61**:

Paragraph 61 contains legal conclusions to which no response is required.  To the extent a response is required, SNA admits that plaintiff purports to assert a claim under the CLRA.

**PARAGRAPH NO.  62**:

Defendants' actions, representations and conduct have violated, and continue to violate the CLRA, because they extend to transactions that are intended to result, or which have resulted, in the sale or lease of goods or services to consumers.

**RESPONSE TO PARAGRAPH NO.  62**:

Paragraph 62 contains legal conclusions to which no response is required.  To the extent a response is required, SNA denies the allegations in Paragraph 62.

**PARAGRAPH NO.  63**:

Plaintiff and other California Subclass members are "consumers" as that term is defined by the CLRA in California Civil Code § 1761(d).

**RESPONSE TO PARAGRAPH NO.  63**:

Paragraph 63 contains legal conclusions to which no response  is required.  To the extent a response  is required, SNA denies the allegations in Paragraph 63.

**PARAGRAPH NO.  64**:

The Products that Plaintiff (and others similarly situated class members) purchased from Defendants were "goods" within the meaning of California Civil Code § 1761(a).

**RESPONSE TO PARAGRAPH NO.  64**:

Paragraph 64 contains legal conclusions to which no response  is required.  To the extent a response  is required, SNA denies the allegations in Paragraph 64.

1

**PARAGRAPH NO.  65**:

2

By engaging in the actions, representations and conduct set forth in this Class Action

3

Complaint, Defendants have violated, and continue to violate, § 1770(a)(2), § 1770(a)(4),

4

§ 1770(a)(5), § 1770(a)(7), and § 1770(a)(9) of the CLRA.  In violation of California Civil Code

5

§ 1770(a)(2), Defendants' acts and practices constitute improper representations regarding the

6

source, sponsorship, approval, or certification of the goods they sold.  In violation of California

7

Civil Code §1770(a)(4), Defendants' acts and practices constitute improper representations or

8

designations of geographic origin in connection with goods or service.  In violation of California

9

Civil Code §1770(a)(5), Defendants' acts and practices constitute improper representations that the

10

goods they sell have sponsorship, approval, characteristics, ingredients, uses, benefits, or

11

quantities, which they do not have.  In violation of California Civil Code §1770(a)(7), Defendants'

12

acts and practices constitute improper representations that the goods they sell are of a particular

13

standard, quality, or grade, when they are of another.  In violation of California Civil Code

14

§1770(a)(9), Defendants have advertised goods or services with intent not to sell them as

15

advertised.

16

**RESPONSE TO PARAGRAPH NO.  65**:

17

Paragraph 65 contains legal conclusions to which no response is required.  To the extent a

18

response is required, SNA denies the allegations in Paragraph 65.

19

**PARAGRAPH NO.  66**:

20

Specifically, Defendants' acts and practices led customers to falsely believe that that their

21

Products were Italian and "extra virgin" when they knew all such representations to be false and/or

22

misleading.  Plaintiff requests that this Court enjoin Defendants from continuing to employ the

23

unlawful methods, acts and practices alleged herein pursuant to California Civil Code § 1780(a)(2).

24

If Defendants are not restrained from engaging in these types of practices in the future, Plaintiff

25

and the other members of the California Italian Class and California EVOO Subclass swill continue

26

to suffer harm.

27

**RESPONSE TO PARAGRAPH NO.  66**:

28

Paragraph 66 contains legal conclusions to which no response is required.  To the extent a

1    response is required, SNA denies the allegations in Paragraph 66.

2    **PARAGRAPH NO.  67**:

3         CLRA § 1782 NOTICE.  **Irrespective of any representations to the contrary in this**

4    **Class Action Complaint, Plaintiff specifically disclaims, at this time, any request for damages**

5    **under any provision of the CLRA**.  Plaintiff, however, hereby provides Defendants with notice

6    and demand that within thirty (30) days from that date, Defendants correct, repair, replace or

7    otherwise rectify the unlawful, unfair, false and/or deceptive practices complained of herein.

8    Defendants' failure to do so will result in Plaintiff amending this Class Action Complaint to seek,

9    pursuant to California Civil Code § 1780(a)(3), on behalf of herself and those similarly situated

10   class members, compensatory damages, punitive damages and restitution of any ill-gotten gains

11   due to Defendants' acts and practices.

12   **RESPONSE TO PARAGRAPH NO.  67**:

13        Paragraph 67 contains legal conclusions to which no response is required.  To the extent a

14   response is required, SNA denies the allegations in Paragraph 67.

15   **PARAGRAPH NO.  68**:

16        Plaintiff also requests that this Court award her costs and reasonable attorneys' fees

17   pursuant to California Civil Code § 1780(d).

18   **RESPONSE TO PARAGRAPH NO.  68**:

19        Paragraph 68 contains legal conclusions  to which no response is required.  To the extent a

20   response is required, SNA denies the allegations in Paragraph 68.

21                    **PLAINTIFF'S SECOND CAUSE OF ACTION**
                  **(False Advertising, Business and Professions Code § 17500, *et. seq.* ("FAL"))**
22   **On Behalf Of Herself and the California Italian Class and the California EVOO Subclass**

23   **PARAGRAPH NO.  69**:

24        Plaintiff realleges and incorporates by reference the paragraphs of this Class Action

25   Complaint as if set forth herein.

26   **RESPONSE TO PARAGRAPH NO.  69**:

27        SNA repeats and re-alleges each and every answer contained in the paragraphs above as

28   though fully set forth herein.

1   **PARAGRAPH NO. 70**:

2          Beginning at an exact date unknown to Plaintiff, but within three (3) years preceding the

3   filing of the Class Action Complaint, Defendants made untrue, false, deceptive and/or misleading

4   statements in connection with the advertising and marketing of their Products.

5   **RESPONSE TO PARAGRAPH NO. 70**:

6          SNA denies each and every allegation in Paragraph 70.

7   **PARAGRAPH NO. 71**:

8          Defendants made representations and statements (by omission and commission) that led

9   reasonable customers to believe that they were purchasing olive oil that: (1) originated in Italy and

10  (2) was "extra virgin" grade or quality at the time of sale and up until the "best by" date on the

11  bottle.  Defendants deceptively failed to inform Plaintiff, and those similarly situated, that their

12  Products did not actually originate in Italy, and because the Mock EVOO Products were packaged

13  in defective bottles, they would not quality as "extra virgin" at the time of sale and/or up until the

14  "best by" date.

15  **RESPONSE TO PARAGRAPH NO. 71**:

16         SNA denies each and every allegation in Paragraph 71.

17  **PARAGRAPH NO. 72**:

18         Plaintiff and those similarly situated relied to their detriment on Defendants' false,

19  misleading and deceptive advertising and marketing practices, including without limitation each of

20  the misrepresentations and omissions set forth in paragraphs 1, 20-43 and 47, above.  Had Plaintiff

21  and those similarly situated been adequately informed and not intentionally deceived by

22  Defendants, they would have acted differently by, without limitation, refraining from purchasing

23  Defendants' Products, paying less for them or purchasing smaller quantities.

24  **RESPONSE TO PARAGRAPH NO. 72**:

25         SNA denies each and every allegation in Paragraph 72 and further denies that it made any

26  misrepresentations or omissions, including without limitation those set forth in Paragraphs 1, 20–

27  43, and 47.

28

DEFENDANT'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

**PARAGRAPH NO.  73**:

Defendants' acts and omissions are likely to deceive the general public.

**RESPONSE TO PARAGRAPH NO.  73**:

SNA denies each and every allegation in Paragraph 73.

**PARAGRAPH NO.  74**:

Defendants engaged in these false, misleading and deceptive advertising and marketing practices to increase their profits.  Accordingly, Defendants have engaged in false advertising, as defined and prohibited by section 17500, *et. seq*., of the California Business and Professions Code.

**RESPONSE TO PARAGRAPH NO.  74**:

Paragraph 74 contains a legal conclusion to which no response is required.  To the extent a response is required, SNA denies as to each and all of the allegations.

**PARAGRAPH NO.  75**:

The aforementioned practices, which Defendants used, and continue to use, to their significant financial gain, also constitute unlawful competition and provide an unlawful advantage over Defendants' competitors as well as injury to the general public.

**RESPONSE TO PARAGRAPH NO.  75**:

Paragraph 75 contains a legal conclusion to which no response is required.  To the extent a response is required, SNA denies each and every allegation in Paraph 75.

**PARAGRAPH NO.  76**:

Plaintiff seeks, on behalf of those similarly situated, full restitution of monies, as necessary and according to proof, to restore any and all monies acquired by Defendants from Plaintiff, the general public, or those similarly situated by means of the false, misleading and deceptive advertising and marketing practices complained of herein, plus interest thereon.

**RESPONSE TO PARAGRAPH NO.  76**:

Paragraph 76 contains a legal conclusion to which no response is required.  To the extent a response is required, SNA denies the allegations in Paragraph 76.

**PARAGRAPH NO.  77**:

Plaintiff seeks, on behalf of those similarly situated, an injunction to prohibit Defendants

from continuing to engage in the false, misleading and deceptive advertising and marketing practices complained of herein.  The acts complained of herein occurred, at least in part, within three (3) years preceding the filing of this Class Action Complaint.

**RESPONSE TO PARAGRAPH NO.  77**:

Paragraph 77 contains a legal conclusion to which no response is required.  To the extent a response is required, SNA denies the allegations in Paragraph 77.

**PARAGRAPH NO.  78**:

Plaintiff and those similarly situated are further entitled to and do seek both a declaration that the above-described practices constitute false, misleading and deceptive advertising, and injunctive relief restraining Defendants from engaging in any such advertising and marketing practices in the future.  Such misconduct by Defendants, unless and until enjoined and restrained by order of this Court, will continue to cause injury in fact to Plaintiff and the general public and the loss of money and property in that the Defendants will continue to violate the laws of California, unless specifically ordered to comply with the same.  This expectation of future violations will require current and future customers to repeatedly and continuously seek legal redress in order to recover monies paid to Defendants to which Defendants are not entitled. Plaintiff, those similarly situated and/or other consumers nationwide have no other adequate remedy at law to ensure future compliance with the California Business and Professions Code alleged to have been violated herein.

**RESPONSE TO PARAGRAPH NO.  78**:

Paragraph 78 contains legal conclusions to which no response is required.  To the extent a response is required, SNA denies the allegations in Paragraph 78.

**PARAGRAPH NO.  79**:

As a direct and proximate result of such actions, Plaintiff and the other members of the California Italian Class and the California EVOO Subclass have suffered, and continue to suffer, injury in fact and have lost money and/or property as a result of such false, deceptive and misleading advertising in an amount which will be proven at trial, but which is in excess of the jurisdictional minimum of this Court.

**RESPONSE TO PARAGRAPH NO. 79**:

Paragraph 79 contains legal conclusions to which no response is required. To the extent a response is required, SNA denies the allegations in Paragraph 79.

**PLAINTIFF'S THIRD CAUSE OF ACTION**
**(Breach of Contract)**
**On Behalf of Herself and the EVOO Class (and the California EVOO Subclass)**

**PARAGRAPH NO. 80**:

Plaintiff realleges and incorporates by reference the paragraphs of this Class Action Complaint as if set forth herein.

**RESPONSE TO PARAGRAPH NO. 80**:

This Court granted SNA's motion to dismiss Plaintiff's claim for breach of contract. As such, no answer is required. To the extent an answer is required, SNA repeats and re-alleges each and every answer contained in the paragraphs above as though fully set forth herein.

**PARAGRAPH NO. 81**:

At various times throughout the class period, Plaintiff entered into a contract with Defendants for the purchase of Defendants' Filippo Berio Extra Virgin Olive Oil.

**RESPONSE TO PARAGRAPH NO. 81**:

This Court granted SNA's motion to dismiss Plaintiff's claim for breach of contract without leave to amend. As such, no response to Paragraph 81 is required. To the extent a response is required, SNA denies each of the allegations in Paragraph 81.

**PARAGRAPH NO. 82**:

The terms of the contract were contained on the labels of the olive oil and specified, *inter alia*, that Defendants' olive oil was "extra virgin" and that it would remain so for approximately eighteen months. Persons similarly situated to Plaintiff entered into contracts with the same language, other than varying best by dates, when purchasing olive oil from Defendants.

**RESPONSE TO PARAGRAPH NO. 82**:

This Court granted SNA's motion to dismiss Plaintiff's claim for breach of contract without leave to amend. As such, no response to Paragraph 82 is required. To the extent a response is required, SNA denies each of the allegations in Paragraph 82.

DEFENDANT'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

**PARAGRAPH NO. 83**:

Defendants breached the contract by providing to Plaintiff, and those similarly situated, olive oil that, due to Defendants' low quality, defective bottles, was not "extra virgin" at the time of purchase and/or would not remain "extra virgin" (i.e., best in flavor and quality) for the period stated.

**RESPONSE TO PARAGRAPH NO. 83**:

This Court granted SNA's motion to dismiss Plaintiff's claim for breach of contract without leave to amend.  As such, no response to Paragraph 83 is required.  To the extent a response is required, SNA denies each of the allegations in Paragraph 83.

**PARAGRAPH NO. 84**:

As a direct and proximate result of the breaches set forth herein, Plaintiff, and those similarly situated, have suffered, and continue to suffer, damages in an amount which will be proven at trial, but which are in excess of the jurisdictional minimum of this Court.

**RESPONSE TO PARAGRAPH NO. 84**:

This Court granted SNA's motion to dismiss Plaintiff's claim for breach of contract without leave to amend.  As such, no response to Paragraph 84 is required.  To the extent a response is required, SNA denies each of the allegations in Paragraph 84.

**PLAINTIFF'S FOURTH CAUSE OF ACTION**
**(Breach of the Covenant of Good Faith and Fair Dealing)**
**On Behalf of Herself and the California EVOO Subclass**

**PARAGRAPH NO. 85**:

Plaintiff realleges and incorporates by reference the paragraphs of this Class Action Complaint as if set forth herein.

**RESPONSE TO PARAGRAPH NO. 85**:

This Court granted SNA's motion to dismiss Plaintiff's claim for breach of the covenant of good faith and fair dealing without leave to amend.  As such, no response to Paragraph 85 is required.  To the extent a response is required, SNA repeats and re-alleges each and every answer contained in the paragraphs above as though fully set forth herein.

**PARAGRAPH NO. 86**:

The written agreement entered into between Plaintiff and Defendants included an implied covenant of good faith and fair dealing. The same implied covenant existed in the agreement between Defendants and the members of the California EVOO Subclass, as they made their purchases in California.

**RESPONSE TO PARAGRAPH NO. 86**:

This Court granted SNA's motion to dismiss Plaintiff's claim for breach of the covenant of good faith and fair dealing without leave to amend. As such, no response to Paragraph 86 is required. To the extent a response is required, SNA denies each of the allegations in Paragraph 86.

**PARAGRAPH NO. 87**:

Defendant breached the covenant of good faith and fair dealing by knowingly and intentionally providing to Plaintiff, and those similarly situated, olive oil that, due to Defendants' low quality, defective bottles, was not "extra virgin" at the time of sale and/or would not remain "extra virgin" (i.e., best in flavor and quality) for the period stated.

**RESPONSE TO PARAGRAPH NO. 87**:

This Court granted SNA's motion to dismiss Plaintiff's claim for breach of the covenant of good faith and fair dealing without leave to amend. As such, no response to Paragraph 87 is required. To the extent a response is required, SNA denies each of the allegations in Paragraph 87.

**PARAGRAPH NO. 88**:

As a direct and proximate result of the breaches set forth herein, Plaintiff, and those similarly situated, have suffered, and continue to suffer, damages in an amount which will be proven at trial, but which are in excess of the jurisdictional minimum of this Court.

**RESPONSE TO PARAGRAPH NO. 88**:

This Court granted SNA's motion to dismiss Plaintiff's claim for breach of the covenant of good faith and fair dealing without leave to amend. As such, no response to Paragraph 88 is required. To the extent a response is required, SNA denies each of the allegations in Paragraph 88.

**PLAINTIFF'S FIFTH CAUSE OF ACTION**
**(Fraud, Deceit and/or Misrepresentation)**
**On Behalf of Herself and the EVOO Class (and the California EVOO Subclass)**

**PARAGRAPH NO. 89**:

Plaintiff realleges and incorporates by reference the paragraphs of this Class Action Complaint as if set forth herein.

**RESPONSE TO PARAGRAPH NO. 89**:

SNA repeats and re-alleges each and every answer contained in the paragraphs above as though fully set forth herein.

**PARAGRAPH NO. 90**:

At various times throughout the class period, Defendants fraudulently and deceptively led Plaintiff to believe that Defendants' olive oil was of a certain quality or grade—i.e., extra virgin—when it was sold and would maintain its quality until the "best by" date.  Defendants failed to inform Plaintiff that due to their use of defective and low-quality bottles: (a) the olive oil's quality would degrade; (b) the olive oil did not qualify as "extra virgin" at the time of sale and/or would not qualify as "extra virgin" up until the "best by" date; (c) and the olive oil would not maintain the "extra virgin" flavor and quality until the "best by" date.

**RESPONSE TO PARAGRAPH NO. 90**:

SNA denies each and every allegation in Paragraph 90.

**PARAGRAPH NO. 91**:

These omissions were material at the time they were made.  They concerned material facts that were essential to the analysis undertaken by Plaintiff as to whether to purchase Defendants' olive oil.

**RESPONSE TO PARAGRAPH NO. 91**:

SNA denies each and every allegation in Paragraph 91.

**PARAGRAPH NO. 92**:

Defendants made identical misrepresentations and omissions to members of the EVOO Class regarding Defendants' Mock EVOO Products.

1    **RESPONSE TO PARAGRAPH NO.  92**:

2         SNA denies each and every allegation in Paragraph 92.

3    **PARAGRAPH NO.  93**:

4         In not so informing Plaintiff and the members of the EVOO Class, Defendants breached

5    their duty to them.  Defendants also gained financially from, and as a result of, their breach.

6    **RESPONSE TO PARAGRAPH NO.  93**:

7         SNA denies each and every allegation in Paragraph 93.

8    **PARAGRAPH NO.  94**:

9         Plaintiff and those similarly situated relied to their detriment on Defendants' fraudulent

10   omissions.  Had Plaintiff and those similarly situated been adequately informed and not

11   intentionally deceived by Defendants, they would have acted differently by, without limitation, not

12   purchasing (or paying less for) Defendants' Mock EVOO Products.

13   **RESPONSE TO PARAGRAPH NO.  94**:

14        SNA denies each and every allegation in Paragraph 94.

15   **PARAGRAPH NO.  95**:

16        Defendants had a duty to inform class members at the time of their purchase of that the

17   Mock EVOO Products that the product they were purchasing were not "extra virgin" quality, were

18   best used sooner, and would degrade to a lower quality or grade over a short time.  Defendants

19   failed to provide this information to class members.  Class members relied to their detriment on

20   Defendants' omissions.  These omissions were material to the decisions of the class members to

21   purchase Defendants' Mock EVOO Products.  In making these omissions, Defendants breached

22   their duty to class members.  Defendants also gained financially from, and as a result of, their

23   breach.

24   **RESPONSE TO PARAGRAPH NO.  95**:

25        SNA denies each and every allegation in Paragraph 95.

26   **PARAGRAPH NO.  96**:

27        By and through such fraud, deceit, misrepresentations and/or omissions, Defendants

28   intended to induce Plaintiff and those similarly situated to alter their position to their detriment.

Specifically, Defendants fraudulently and deceptively induced Plaintiff and those similarly situated to, without limitation, to purchase their Mock EVOO Products.

**RESPONSE TO PARAGRAPH NO. 96**:

SNA denies each and every allegation in Paragraph 96.

**PARAGRAPH NO. 97**:

Plaintiff and those similarly situated justifiably and reasonably relied on Defendants' omissions, and, accordingly, were damaged by the Defendants.

**RESPONSE TO PARAGRAPH NO. 97**:

SNA denies each and every allegation in Paragraph 97.

**PARAGRAPH NO. 98**:

As a direct and proximate result of Defendants' misrepresentations, Plaintiff and those similarly situated have suffered damages, including, without limitation, the amount they paid for the Mock EVOO Products.

**RESPONSE TO PARAGRAPH NO. 98**:

SNA denies each and every allegation in Paragraph 98.

**PARAGRAPH NO. 99**:

Defendants' conduct as described herein was willful and malicious and was designed to maximize Defendants' profits even though Defendants knew that it would cause loss and harm to Plaintiff and those similarly situated.

**RESPONSE TO PARAGRAPH NO. 99**:

SNA denies each and every allegation in Paragraph 99.

**PLAINTIFF'S SIXTH CAUSE OF ACTION**
**(Unfair, Unlawful and Deceptive Trade Practices, Business and Professions Code § 17200,**
***et. seq.*)**
**On Behalf of Herself and the California Italian Class and the California EVOO Subclass**

**PARAGRAPH NO. 100**:

Plaintiff realleges and incorporates by reference the paragraphs of this Class Action Complaint as if set forth herein.

**RESPONSE TO PARAGRAPH NO. 100**:

SNA repeats and re-alleges each and every answer contained in the paragraphs above as though fully set forth herein.

**PARAGRAPH NO. 101**:

Within four (4) years preceding the filing of this Class Action Complaint, and at all times mentioned herein, Defendants have engaged, and continue to engage, in unfair, unlawfull and deceptive trade practices in California by engaging in the unfair, deceptive and unlawful business practices outlined in this Class Action Complaint.  In particular, Defendants have engaged, and continue to engage, in unfair, unlawful and deceptive trade practices by, without limitation, the following:

a.      deceptively representing to Plaintiff, and those similarly situated, the Products were "Imported From Italy," therey implying that they contained Italian olive oil and/or were pressed in Italy;

b.      deceptively representing to Plaintiff, and those similarly situated, the Mock EVOO Products were of a certain quality or grade—i.e., extra virgin—at the time of sale and would remain "extra virgin" until the "best by" date;

c.      failing to adequately inform Plaintiff, and those similarly situated, that the Products were not and did not exclusively contain oil from Italian olives;

d.      failing to adequately inform Plaintiff, and those similarly situated, that the Products were not and did not exclusively contain oil that was pressed in Italy;

e.      failing to adequately inform Plaintiff, and those similarly situated, that the Products were merely bottled or packed in Italy;

f.      failing to inform Plaintiff, and those similarly situated, that due to Defendants' defective and inferior bottles, the Mock EVOO Products were not the represented quality or grade—i.e., they were no longer extra virgin oilve oil—at the time of sale and/or would not maintain "extra virgin" quality until the "best by" date on the bottle;

g.      engaging in fraud, deceit, and misrepresentation as described herein;

h.      violating the CLRA as described herein;

1        i.       violating the FAL as described herein;

2        j.       violating the California Health and Safety Act §§ 112875, et. seq.; and

3        k.       violating the Sherman Food, Drug and Cosmetic Act, Cal. Health & Saf. Code,

including, without limitation, sections 110300, 110380, 110385, 110390, 110395, 110398, 110400,

110660, 110680, 110760, 110765, and 110770.

**RESPONSE TO PARAGRAPH NO. 101**:

Paragraph 101 contains legal conclusions to which no response  is required.  To the extent a

response is required, SNA denies the allegations in Paragraph 101, including as to subparagraphs

a.–k.

**PARAGRAPH NO. 102**:

Plaintiff and those similarly situated relied to their detriment on Defendants' unfair,

deceptive and unlawful business practices.  Had Plaintiff and those similarly situated been

adequately informed and not deceived by Defendants, they would have acted differently by not

purchasing (or paying less for) Defendants' Products.

**RESPONSE TO PARAGRAPH NO. 102**:

SNA denies each and every allegation in Paragraph 102.

**PARAGRAPH NO. 103**:

Defendants' acts and omissions are likely to deceive the general public.

**RESPONSE TO PARAGRAPH NO. 103**:

SNA denies each and every allegation in Paragraph 103.

**PARAGRAPH NO. 104**:

Defendants engaged in these unfair practices to increase their profits.  Accordingly,

Defendants have engaged in unlawful trade practices, as defined and prohibited by section 17200,

*et. seq*. of the California Business and Professions Code.

**RESPONSE TO PARAGRAPH NO. 104**:

Paragraph 104 contains a legal conclusion to which no response is required.  To the extent a

response is required, SNA denies the allegations in Paragraph 104.

**PARAGRAPH NO. 105:**

The aforementioned practices, which Defendants have used to their significant financial gain, also constitute unlawful competition and provide an unlawful advantage over Defendants' competitors as well as injury to the general public.

**RESPONSE TO PARAGRAPH NO. 105:**

SNA denies each and every allegation in Paragraph 105.

**PARAGRAPH NO. 106:**

Plaintiff seeks, on behalf of those similarly situated, full restitution of monies, as necessary and according to proof, to restore any and all monies acquired by Defendants from Plaintiff, the general public, or those similarly situated by means of the unfair and/or deceptive trade practices complained of herein, plus interest thereon.

**RESPONSE TO PARAGRAPH NO. 106:**

Paragraph 106 contains a legal conclusion to which no response is required. To the extent a response is required, SNA denies the allegations in Paragraph 106.

**PARAGRAPH NO. 107:**

Plaintiff seeks, on behalf of those similarly situated, an injunction to prohibit Defendants from continuing to engage in the unfair trade practices complained of herein.

**RESPONSE TO PARAGRAPH NO. 107:**

Paragraph 107 contains a legal conclusion to which no response is required. To the extent a response is required, SNA denies the allegations in Paragraph 107.

**PARAGRAPH NO. 108:**

The acts complained of herein occurred, at least in part, within four (4) years preceding the filing of this Class Action Complaint.

**RESPONSE TO PARAGRAPH NO. 108:**

SNA denies each and every allegation in Paragraph 108.

**PARAGRAPH NO. 109:**

Plaintiff and those similarly situated are further entitled to and do seek both a declaration that the above-described trade practices are unfair, unlawful and/or fraudulent, and injunctive relief

1   restraining Defendants from engaging in any of such deceptive, unfair and/or unlawful trade

2   practices in the future.  Such misconduct by Defendants, unless and until enjoined and restrained

3   by order of this Court, will continue to cause injury in fact to the general public and the loss of

4   money and property in that Defendants will continue to violate the laws of California, unless

5   specifically ordered to comply with the same.  This expectation of future violations will require

6   current and future customers to repeatedly and continuously seek legal redress in order to recover

7   monies paid to Defendants to which Defendants are not entitled.  Plaintiff, those similarly situated

8   and/or other consumers nationwide have no other adequate remedy at law to ensure future

9   compliance with the California Business and Professions Code alleged to have been violated

10  herein.

11  **RESPONSE TO PARAGRAPH NO.  109**:

12          Paragraph 109 contains legal conclusions to which no response is required.  To the extent a

13  response is required, SNA denies the allegations in Paragraph 109.

14  **PARAGRAPH NO.  110**:

15          As a direct and proximate result of such actions, Plaintiff and the other members of the

16  Class and Subclasses have suffered and continue to suffer injury in fact and have lost money and/or

17  property as a result of such deceptive, unfair and/or unlawful trade practices and unfair competition

18  in an amount which will be proven at trial, but which is in excess of the jurisdictional minimum of

19  this Court.  Among other things, Plaintiff and the Class and Subclasses lost the amount they paid

20  for the Products.

21  **RESPONSE TO PARAGRAPH NO.  110**:

22          SNA denies each and every allegation in Paragraph 110.

23  **PARAGRAPH NO.  111**:

24          As a direct and proximate result of such actions, Defendants have enjoyed, and continue to

25  enjoy, significant financial gain in an amount which will be proven at trial, but which is in excess

26  of the jurisdictional minimum of this Court.

27  **RESPONSE TO PARAGRAPH NO. 111**:

28          SNA denies each and every allegation in Paragraph 111.

DEFENDANT'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

**PRAYER FOR RELIEF**

**PARAGRAPH A:**

On Cause of Action Number 1 against Defendants and in favor of Plaintiff and the other members of the California Italian Class and the California EVOO Subclass:

1.      for restitution and injunctive relief pursuant to California Civil Code section 1780;

2.      [Reserved]; and

3.      [Reserved].

**RESPONSE TO PARAGRAPH A:**

SNA denies each and every allegation in Paragraph A, including as to subparagraphs 1, 2 and 3, and including because prayers for relief cannot be "Reserved."

**PARAGRAPH B:**

On Causes of Action Numbers 2 and 6 against Defendants and in favor of Plaintiff and the other members of the California Italian Class and the California EVOO Subclass:

1.      for restitution pursuant to, without limitation, the California Business & Professions Code §§ 17200, *et. seq.* and 17500, *et. seq.*; and

2.      for injunctive relief pursuant to, without limitation, the California Business & Professions Code §§ 17200, et seq. and 17500, *et. seq.*

**RESPONSE TO PARAGRAPH B:**

SNA denies each and every allegation in Paragraph B, including as to subparagraphs 1. and 2.

**PARAGRAPH C:**

On Cause of Action Number 3 against Defendants and in favor of Plaintiff and the other members of the EVOO Class (including the California EVOO Subclass): an award of compensatory damages, the amount of which is to be determined at trial.

**RESPONSE TO PARAGRAPH C:**

This Court granted SNA's motion to dismiss Plaintiff's claim for breach of contract without leave to amend.  As such, no response to Paragraph C is required.  To the extent a response is required, SNA denies each and every allegation in Paragraph C.

1

**PARAGRAPH D:**

2          On Cause of Action Number 4 against Defendants and in favor of Plaintiff and the other

3  members of the California EVOO Subclass: an award of compensatory damages, the amount of

4  which is to be determined at trial.

5  **RESPONSE TO PARAGRAPH D:**

6          This Court granted SNA's motion to dismiss Plaintiff's claim for breach of the covenant of

7  good faith and fair dealing without leave to amend.  As such, no response to Paragraph D is

8  required.  To the extent a response is required, SNA denies each and every allegation in Paragraph

9  D.

10 **PARAGRAPH E:**

11         On Cause of Action Number 5 against Defendants and in favor of Plaintiff and the other

12 members of the EVOO Class (including the California EVOO Subclass):

13         1.      an award of compensatory damages, the amount of which is to be determined at

14 trial; and

15         2.      an award of punitive damages, the amount of which is to be determined at trial.

16 **RESPONSE TO PARAGRAPH E:**

17         SNA denies each and every allegation in Paragraph E, including as to subparagraphs 1. and

18 2.

19 **PARAGRAPH F:**

20         On all causes of action against Defendants and in favor of Plaintiff, class members and the

21 general public:

22         1.      for reasonable attorneys' fees according to proof pursuant to, without limitation, the

23 California Legal Remedies Act and California Code of Civil Procedure § 1021.5;

24         2.      for costs of suit incurred; and

25         3.      for such further relief as this Court may deem just and proper.

26 **RESPONSE TO PARAGRAPH F:**

27         SNA denies each and every allegation in Paragraph F, including as to subparagraphs 1.–3.,

28 and including because this Court granted SNA's motion to dismiss Plaintiff's claims for breach of

DEFENDANT'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

1     contract and breach of the covenant of good faith and fair dealing without leave to amend.

2

### SEPARATE DEFENSES

3     As separate defenses to the Class Action Complaint, and to each and every purported claim

4   thereof, SNA alleges the following defenses. By setting forth a defense in this pleading, SNA does

5   not concede that it bears the burden of proof or persuasion as to such a defense. SNA specifically

6   reserves all separate or affirmative defenses that it may have against each putative class member. It

7   is not necessary at this time for SNA to delineate such defenses against the putative class members

8   because no class has been certified, and the putative class members are not parties to the litigation.

9

### FIRST DEFENSE

10     Plaintiff lacks standing to maintain some or all of the claims in this action, including

11   because Plaintiff is not a proper representative of the parties on whose behalf she seeks to maintain

12   this action. Putative class members lacking Article III standing also cannot seek relief in this

13   action.

14

### SECOND DEFENSE

15     The Complaint, and each claim asserted in it by Plaintiff or on behalf of members of any

16   putative class, is barred in whole or in part by the applicable statutes of limitations, including

17   tolling rules and borrowing statutes.

18

### THIRD DEFENSE

19     The Complaint, and each claim asserted in it by Plaintiff or on behalf of members of any

20   putative class, is barred in whole or in part to the extent it purports to pursue relief on behalf of

21   non-California residents under California statutes or case law, or otherwise to bind putative class

22   members, without providing adequate notice and other constitutionally required protections.

23

### FOURTH DEFENSE

24     Plaintiff and/or putative class members are estopped by their own statements, actions, or

25   inaction from asserting the claims averred in the Complaint.

26

### FIFTH DEFENSE

27     Plaintiff and/or putative class members have waived their rights to relief in whole or in part.

28

### SIXTH DEFENSE

DEFENDANT'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

1   The Complaint, and each claim asserted in it by Plaintiff or on behalf of members of any

2   putative class, is barred in whole or in part, under the doctrine of voluntary payment and/or

3   voluntarily paid for a product at issue with full knowledge of the facts.

**SEVENTH DEFENSE**

5   Plaintiff and/or putative class members' claims for relief are barred in whole or in part

6   because Plaintiffs have failed to take reasonable steps or to use reasonable diligence to mitigate

7   alleged damages.

**EIGHTH DEFENSE**

9   Plaintiff and/or putative class members' claims for relief are barred in whole or in part

10   because Plaintiffs and/or putative class members failed to provide SNA with adequate pre-filing

11   notice or an opportunity to cure.

**NINTH DEFENSE**

13   Plaintiff and/or putative class members' claims for relief are barred in whole or in part by

14   consent because Plaintiff and/or putative class members approved all of the acts and/or omissions

15   at issue.

**TENTH DEFENSE**

17   Without conceding that any act of SNA caused any damage to Plaintiff and/or putative class

18   members, SNA is entitled to offset and recoup all obligations of Plaintiff and/or putative class

19   owing to SNA against any judgment that may be entered against SNA, including but not limited to

20   any recovery by SNA of costs or fees in connection with this action.

**ELEVENTH DEFENSE**

22   Plaintiff's and/or putative class members' claims for relief are barred to the extent that they

23   fail to comply with or conflict with applicable choice-of-law provisions and/or choice-of-law

24   principles.

**TWELTH DEFENSE**

26   Permitting recovery of punitive or exemplary damages in this case would contravene

27   SNA's constitutional rights as reserved by the Fifth, Seventh, Eighth, and Fourteenth Amendments

28

DEFENDANT'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

to the United States Constitution, other provisions of the United States Constitution, and applicable state law.

### THIRTEENTH DEFENSE

Because of the lack of clear standards, the imposition of punitive or exemplary damages against SNA in this case would be unconstitutionally vague and/or overbroad.

### FOURTEENTH DEFENSE

The penalties and remedies sought by Plaintiff is barred as excessive fines or penalties prohibited under the Eighth and Fourteenth Amendments to the United States Constitution, Article 1, Section 17 of the California Constitution, and any other applicable state constitutional provisions.

### FIFTEENTH DEFENSE

The harm allegedly sustained by Plaintiff and/or putative class members, if any, was caused by the acts or omissions of third parties, Plaintiff, or putative class members and not by the acts or omissions of SNA.

### SIXTEENTH DEFENSE

The Complaint is barred in whole or in part by Plaintiff and/or putative class members' acquiescence in the conduct complained of.

### SEVENTEENTH DEFENSE

Plaintiff's request for equitable, injunctive, or declaratory relief is barred in whole or in part because of the existence of adequate remedies at law.

***

SNA presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional defenses. On that basis, SNA reserves the right to amend and/or supplement this Answer to assert additional defenses in the event discovery indicates that additional defenses are appropriate.

### DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, SNA demands a trial by jury of this action.

DEFENDANT'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

1

## **PRAYER FOR RELIEF**

2      WHEREFORE, SNA prays for relief as follows:

3      1.      That this case no longer continue as a purported class action;

4      2.      That Plaintiff takes nothing by way of the Complaint, that the same be dismissed

5              with prejudice, and that judgment be entered in favor of SNA;

6      3.      That SNA be awarded attorneys' fees and the costs of suit incurred in defending this

7              action to the extent provided for by law; and

8      4.      For such other and further relief as the Court deems just and proper.

9

10    Dated:  February 24, 2015                          Respectfully submitted,

11                                                        SIDLEY AUSTIN LLP
                                                          Mark E. Haddad
12                                                        Sean A. Commons
                                                          Nitin Reddy
13                                                        Collin P. Wedel

14                                                        By:  /s/ Nitin Reddy
15                                                              Nitin Reddy
                                                              Attorneys for Defendant
16                                                            SALOV NORTH AMERICA CORP.

17

18

19

20

21

22

23

24

25

26

27

28

51

DEFENDANT'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT