Mark E. Haddad (SBN 205945)
mhaddad@sidley.com
Sean A. Commons (SBN 217603)
scommons@sidley.com
Nitin Reddy (SBN 229451)
nreddy@sidley.com
Jaya C. Gupta (*pro hac vice*)
jaya.gupta@sidley.com
**SIDLEY AUSTIN LLP**
555 West Fifth Street, Suite 4000
Los Angeles, California 90013
Telephone: (213) 896-6000
Facsimile: (213) 896-6600

Attorneys for Defendant
SALOV NORTH AMERICA CORP.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| ROHINI KUMAR, an individual, on behalf of herself, the general public and those similarly situated,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>SALOV NORTH AMERICA CORP.,<br><br>　　　　　Defendant. | Case No. 4:14-CV-02411 YGR<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION FOR A STAY PENDING NINTH CIRCUIT DECISIONS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:　January 5, 2016<br>Time:　2:00 p.m.<br>Judge:　Hon. Yvonne Gonzales Rogers<br><br>[PROPOSED ORDER FILED CONCURRENTLY] |

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................................ iii

NOTICE OF MOTION ........................................................................................................................ v

MEMORANDUM OF POINTS AND AUTHORITIES ...................................................................... 1

I. INTRODUCTION ................................................................................................................... 1

II. BACKGROUND ..................................................................................................................... 1

    A. Status of Discovery ........................................................................................................ 1

    B. Status of Class Certification ........................................................................................... 2

    C. Three Similar Cases Are Pending In The Ninth Circuit ................................................. 3

        1. *Jones v. ConAgra* ............................................................................................. 3

        2. *Brazil v. Dole* ................................................................................................... 4

        3. *Kosta v. Del Monte* .......................................................................................... 4

III. LEGAL STANDARD .............................................................................................................. 5

IV. ARGUMENT ........................................................................................................................... 5

    A. A Stay Will Promote Judicial Economy ........................................................................ 6

    B. A Stay Will Avoid Needless Expenses On Briefing and Discovery .............................. 6

    C. A Stay Will Not Prejudice Plaintiff ................................................................................ 7

V. CONCLUSION ........................................................................................................................ 7

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Allen v. ConAgra Foods*,
   No. 13-CV-01279-HSG, slip op. at 1 (N.D. Cal. Feb. 20, 2015)............................................ 5

*Alvarez v. T-Mobile USA, Inc.*,
   No. 2:10-2373 WBS GGH, 2010 WL 5092971 (E.D. Cal. Dec. 7, 2010).............................. 6

*Astiana v. Hain Celestial Group, Inc.*,
   No. 11-cv-06342-PJH, Dkt. 114 (N.D. Cal. Oct. 9, 2015)....................................................... 5

*Brazil v. Dole Packaged Foods, LLC*,
   No. 5:12-cv-01831, Dkt. No. 244 (N.D. Cal.)......................................................................... 4

*Brazil v. Dole Packaged Foods, LLC*,
   No. 12-CV-01831-LHK, 2014 WL 5794873 (N.D. Cal. Nov. 6, 2014).................................. 4

*Brazil v. Dole Packaged Foods, LLC*,
   No. 12-CV-01831-LHK, 2014 WL 6901867 (N.D. Cal. Dec. 8, 2014).................................. 4

*Brazil v. Dole Packaged Foods, LLC*,
   No. 14-17480 (9th Cir. filed Dec. 17, 2014).............................................................. 3, 4, 5, 6

*Brazil v. Dole Packaged Foods, LLC*,
   No. 14-17480, Dkt. No. 1 (9th Cir. appeal filed Dec. 17, 2014)............................................. 4

*CMAX, Inc. v. Hall*,
   300 F.2d 265, 268 (9th Cir. 1962)........................................................................................... 5

*CMAX, Inc. v. Hall*,
   (citing *Landis v. N. Am. Co.*, 99 U.S. 248, 254-55 (1936))...................................................... 5

*FormFactor Inc. v. Micronics Japan Co., Ltd.*,
   No. CV-06-07159 JSW, 2008 WL 361128 (N.D. Cal. Feb. 11, 2008).................................. 6

*Gustavson v. Mars, Inc.*,
   No. 13-CV-04537-LHK, 2014 WL 6986421 (N.D. Cal. Dec. 10, 2014)........................... 5, 6

*Jones v. ConAgra Foods*,
   No. 14-16327 (9th Cir. filed July 14, 2014)................................................................... 3, 5, 6

*Jones v. ConAgra Foods*,
   No. 12-CV-01633-CRB, 2014 WL 2702726 (N.D. Cal. June 13, 2014)............................ 3, 4

*Kosta v. Del Monte Foods*,
   No. 15-16974 (9th Cir. filed Oct. 2, 2015) .................................................................... 3, 4, 5

*Kosta v. Del Monte Foods*,
   No. 4:12-CV-01722-YGR, Dkt. 211 (N.D. Cal.) ..................................................................... 4

*Kumar v. Safeway, Inc.*,
   No. RG14-726707 (Cal. Super., Alameda Cnty.) .................................................................. 2

*Leonhart v. Nature's Path Foods, Inc.*,
   No. 13-CV-00492- BLF, 2015 WL 3548212 (N.D. Cal. June 5, 2015) (Freeman, J.) ........ 5, 7

*Mazza v. Am. Honda Motor Co., Inc.*,
   666 F.3d 581, 590-94 (9th Cir. 2012) ..................................................................................... 2

*Pardini v. Unilever United States*,
   No. 13-CV-01675-SC, 2015 WL 1744340 (N.D. Cal. Apr. 15, 2015) ............................ 5, 6, 7

*Park v. Welch*,
   No. 5:12-cv-06449-PSG, Dkt. 77 (N.D. Cal. Oct. 22, 2015) .................................................. 5

*Parker v. J.M. Smucker Co.*,
   No. 13-cv-00690-SC, slip. op. at 3 (N.D. Cal. Dec. 18, 2014) (Dkt. No. 74) ......................... 5

*Samet v. Kellogg Co.,*
   No. 12-cv-1891-PSG, 2015 WL 6954989 (N. D. Cal. Nov. 10, 2015) ................................... 5

*Thomas v. Costco Wholesale Corp.*,
   12-CV-02908-BLF,  2015 WL 6674696 (N.D. Cal. Nov. 2, 2015) ........................................ 5

*Wilson v. Frito-Lay North America,*
   No. 12-CV-1586-SC, 2015 WL 4451424 (N.D. Cal. July 20, 2015) .............................. 5, 6, 7

# NOTICE OF MOTION

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on January 5, 2016, or such other date and time as the Court may set, in the United States District Court for the Northern District of California, located at Oakland Courthouse, 1301 Clay Street, Oakland, CA 94612, before Judge Yvonne Gonzales Rogers, in Courtroom 1, on the Fourth Floor, Defendant SALOV North America Corp. ("SNA") will and hereby does move for an order staying this case pending the Ninth Circuit's resolution of *Jones v. ConAgra Foods, Inc.*, No. 14-16327 (9th Cir. filed July 14, 2014), *Brazil v. Dole Packaged Foods*, No. 14-17480 (9th Cir. filed Dec. 17, 2014), and *Kosta v. Del Monte Foods*, No. 15-16974 (9th. Cir. filed Oct. 2, 2015), to conserve private and judicial resources. The decisions by the Ninth Circuit in these cases will provide material guidance to the parties and the Court on a variety of issues bearing on class certification, which is the critical stage of this litigation.

This motion to stay is made pursuant to the Court's inherent power. It is based on this Notice, the accompanying Memorandum of Points and Authorities, and on such other evidence as may be submitted to the Court and such oral argument and other matters as the Court may consider or require. A proposed order is filed concurrently herewith.

Dated:  November 18, 2015

Respectfully submitted,
SIDLEY AUSTIN LLP
Mark E. Haddad
Sean A. Commons
Nitin Reddy


By:  /s/ Nitin Reddy
Nitin Reddy
Attorneys for Defendant
SALOV NORTH AMERICA CORP.

# MEMORANDUM OF POINTS AND AUTHORITIES

Consistent with a growing body of decisions in this district, Defendant SALOV North America Corp. ("SNA") respectfully requests that this Court enter a stay in light of three appeals before the Ninth Circuit to avoid the needless waste of private and judicial resources.

## I.   Introduction

The Ninth Circuit has three cases pending before it that raise issues that will shape any motion for class certification and expert discovery in this litigation.  Recognizing the potential significance of these appeals on food-related class actions, a growing chorus of courts in this district and across California have stayed proceedings rather than invest judicial and private resources on briefing, fact discovery, and expert discovery that may prove useless or need to be materially reworked.  Plaintiff has indicated that she will oppose this motion, but a stay protects plaintiff, does not prejudice her access to evidence, and will not impair her ability to present her case.  Fact discovery is substantially complete, and this motion is being filed before any briefing on class certification and before the exchange of expert reports.  As a result, a stay is warranted to conserve private and judicial resources.

## II.   Background

### A.   Status of Discovery

The cost of discovery incurred by SNA to respond to the baseless allegations leveled in this case already has far outstripped the theoretical value of this litigation.  SNA, a company of less than thirty employees, already has spent hundreds of thousands of dollars in responding to discovery and interrogatories. Indeed for the period at issue in this case, SNA's discovery costs have far exceeded the potential exposure in this case.  At this time, SNA has completed its production of documents, and plaintiff has taken five depositions.

During the meet and confer process, plaintiff has sought to justify her discovery on the theory that the complaint alleges a nationwide class.  SNA is and always has been a New Jersey corporation based in New Jersey.  SNA does not develop its marketing in California.  SNA is not aware of any case holding that a plaintiff can sue a non-California corporation for purchases outside

of California based on marketing developed outside of California. California law does not apply extraterritorially, and any such application would violate California's choice-of-law rules and basic notions of due process. *See Mazza v. Am. Honda Motor Co., Inc.*, 666 F.3d 581, 590-94 (9th Cir. 2012) (stating "if California law were applied to the entire class, foreign states would be impaired in their ability to calibrate liability to foster commerce"). In addition to the fact that in-state and out-of-state retailers have sold the products at issue at different prices at different times, the products at issue have had different packaging and different labels during the proposed class period.

For its part, SNA has propounded targeted discovery and deposed plaintiff and her spouse. During those depositions, SNA learned about various document preservation issues, including that plaintiff has failed to retain any proof of purchase of *any olive oil product*, both before and since the filing of the complaint and even after receipt of SNA's discovery requests, which expressly request production of such documents. Discovery also has confirmed that plaintiff's counsel purchased and tested Filippo Berio Extra Virgin Olive Oil, and that those tests form the basis for allegations in the complaint. Compl. ¶¶ 31-32. Because plaintiff's counsel have made themselves fact witnesses, SNA has noticed their depositions. Subject to any further guidance from the Ninth Circuit on issues outlined below, the issues regarding spoliation and discovery from plaintiff's counsel likely will have to be resolved by the Magistrate and, if appropriate, this Court upon the lifting of the current stipulated stay (Dkt. #70), and the stay requested in this motion.

### B.   Status of Class Certification

No briefing on class certification has occurred, and the hearing on class certification is not presently scheduled to be held until March 15, 2016. The parties also have not exchanged expert reports relating to class certification or conducted expert discovery. Based on a motion for class certification filed by plaintiff's counsel in a similar action, SNA anticipates that plaintiff will offer at least two experts, one of whom is likely to offer a regression analysis to support claims for classwide economic harm. *See Kumar v. Safeway, Inc.*, No. RG14-726707 (Cal. Super., Alameda Cnty.). Plaintiff has also indicated that she intends to conduct foreign discovery. Finally, as noted above, if class certification is to proceed at this time, SNA would need to proceed with spoliation

motions, and the parties will need to resolve a dispute about SNA's request to depose plaintiff's counsel, as the outcome of those motions likely would bear on class certification, including the alleged adequacy and typicality of plaintiff and plaintiff's counsel.

### C. Three Similar Cases Are Pending In The Ninth Circuit

California federal courts have become a locus for "food litigation," and the Northern District of California has earned the appellation of "the food court." Food-related class actions like this one frequently raise substantial questions bearing on motions for class certification, including: (1) Is a class sufficiently ascertainable when there is no objective way to determine who actually purchased the product, requiring class members to pass "memory tests" to establish their eligibility?; (2) Is a class sufficiently ascertainable and do individual issues predominate when there is no objective way to determine whether a class member read the portion of the label that is allegedly deceptive?; (3) Is a class sufficiently ascertainable and do individual issues predominate when there is no objective way to determine whether class members read the entirety of a label, thereby defeating any allegation of confusion or materiality?; (4) What evidence is required for a plaintiff to seek classwide monetary relief on the theory that class members overpaid due to allegedly misleading labeling?; and (5) When does a plaintiff who has stopped purchasing a product have standing to seek injunctive relief? At least three cases pending before the Ninth Circuit raise such questions, all of which are implicated here. *See Jones v. ConAgra Foods*, No. 14-16327 (9th Cir. filed July 14, 2014), *Brazil v. Dole Packaged Foods, LLC*, No. 14-17480 (9th Cir. filed Dec. 17, 2014), and *Kosta v. Del Monte Foods*, No. 15-16974 (9th Cir. filed Oct. 2, 2015).

#### 1. *Jones v. ConAgra*

*Jones v. ConAgra* involves allegations that the labels of various products (PAM Cooking spray, Hunt's canned tomatoes, and Swiss Miss cocoa) contain false and misleading statements, such as claims about their nutrient and antioxidant contents, their "preservative-free" nature, and omissions of their synthetic chemical contents. The plaintiffs filed motions for class certification that were denied in June 2014. No. 12-CV-01633-CRB, 2014 WL 2702726, at *10 (N.D. Cal. June 13, 2014). In his opinion, Judge Breyer concluded that the class was not ascertainable because

products and labels changed over time. *Id.* at *8-12. He also found that individual questions predominated over common questions, *id.* at *14-19, and that the proposed damages models failed. *Id.* at *19-23. Further, Judge Breyer found the plaintiffs did not have standing for a Rule 23(b)(2) class because they did not intend to purchase the products in the future, *id.* at *12-14. As of the date of this submission, the appeal is fully briefed.

### 2. *Brazil v. Dole*

In *Brazil v. Dole*, the plaintiff contended that the labels on Dole's frozen fruit and fruit cups were false and misleading. Although Judge Koh initially granted class certification, on November 6, 2014, she decertified the damages class after finding that the regression analysis was flawed because it failed to control for variables affecting price. No. 12-CV-01831-LHK, 2014 WL 5794873, at *11-14 (N.D. Cal. Nov. 6, 2014). Thereafter, on December 8, 2014, Judge Koh granted summary judgment in favor of Dole because the plaintiff failed to offer sufficient evidence to support his claims. No. 12-CV-01831-LHK, 2014 WL 6901867, at *6-8 (N.D. Cal. Dec. 8, 2014). On December 17, 2014, the plaintiff appealed the decertification order, summary judgment order, and rulings on two motions to dismiss. *See* No. 5:12-cv-01831, Dkt. No. 244 (N.D. Cal.); No. 14-17480, Dkt. No. 1 (9th Cir. appeal filed Dec. 17, 2014). As of the date of this submission, the appeal is fully briefed.

### 3. *Kosta v. Del Monte*

*Kosta v. Del Monte* involves allegations that labels on canned tomato products, vegetable products, and fruit products were false and misleading, including an alleged failure to disclose preservatives and chemical content. This Court denied class certification, finding that the class was not ascertainable, and that the plaintiffs failed to demonstrate common issues of law and fact, including by failing to offer adequate evidence that materiality could be established on a classwide basis. No. 4:12-CV-01722-YGR, Dkt. 211 (N.D. Cal.). The Court ruled that a class is unascertainable if it would require class members to pass "memory tests" requiring when and what products in particular they purchased. *Id.*

## II. LEGAL STANDARD

"A district court has inherent power to control the disposition of the causes on its docket in a manner which will promote economy of time and effort for itself, for counsel, and for litigants." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).  Among the competing interests that courts should weigh in exercising discretion "are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id.* (citing *Landis v. N. Am. Co.*, 99 U.S. 248, 254-55 (1936)).

Applying these factors, at least ten courts in this district have stayed proceedings in food labeling class actions pending the outcome of *Jones*, *Brazil*, and/or *Kosta*, including at least three within the last month. *See*, *e.g.*, *Samet v. Kellogg Co.,* No. 12-cv-1891-PSG, 2015 WL 6954989, at *2 (N. D. Cal. Nov. 10, 2015) (staying case apart from issue of whether plaintiff had standing to pursue claims at all); *Thomas v. Costco Wholesale Corp.*, 12-CV-02908-BLF, 2015 WL 6674696, at *3(N.D. Cal. Nov. 2, 2015); *Park v. Welch*, No. 5:12-cv-06449-PSG, Dkt. 77 (N.D. Cal. Oct. 22, 2015);  *Astiana v. Hain Celestial Group, Inc.*, No. 11-cv-06342-PJH, Dkt. 114 (N.D. Cal. Oct. 9, 2015); *Wilson v. Frito-Lay North America,* No. 12-CV-1586-SC, 2015 WL 4451424, at *2 (N.D. Cal. July 20, 2015); *Leonhart v. Nature's Path Foods, Inc.*, No. 13-CV-00492- BLF, 2015 WL 3548212, at *3-4 (N.D. Cal. June 5, 2015) (Freeman, J.); *Pardini v. Unilever United States*, No. 13-CV-01675-SC, 2015 WL 1744340, at *3 (N.D. Cal. Apr. 15, 2015); *Allen v. ConAgra Foods*, No. 13-CV-01279-HSG, slip op. at 1 (N.D. Cal. Feb. 20, 2015);  *Parker v. J.M. Smucker Co.*, No. 13-cv-00690-SC, slip. op. at 3 (N.D. Cal. Dec. 18, 2014) (Dkt. No. 74); *Gustavson v. Mars, Inc.*, No. 13-CV-04537-LHK, 2014 WL 6986421, at *2-4 (N.D. Cal. Dec. 10, 2014).

## III. ARGUMENT

A stay pending further guidance from the Ninth Circuit will conserve private and judicial resources on the next critical stages of this litigation:  class certification and expert discovery.

### A. A Stay Will Promote Judicial Economy

It is in the interest of justice to prevent duplicative proceedings and simplify "issues, proof, and questions of law." *FormFactor Inc. v. Micronics Japan Co., Ltd.*, No. CV-06-07159 JSW, 2008 WL 361128 (N.D. Cal. Feb. 11, 2008) (granting stay because other proceedings could determine how action would proceed). Given the overlap between this case and those before the Ninth Circuit on such fundamental questions as ascertainability, predominance, standing, and classwide economic damages, "judicial economy will best be served if this Court does not expend the resources required to resolve a class certification motion, only to have to re-visit the decision whether to certify or decertify a class following a controlling decision from the Ninth Circuit." *Gustavson*, 2014 WL 6986421, at *3. "It will be easier for the parties and the court if the class certification motion is briefed and argued only once," *Pardini*, 2015 WL 1744340, at *2, rather than proceed only to have "supplemental briefings" or potentially need to scrap the briefing entirely due to requests for additional expert discovery, *Wilson*, 2015 WL 4451424, at *1.

### B. A Stay Will Avoid Needless Expenses On Briefing and Discovery

A stay of this case will prevent the parties from expending time and money briefing issues and developing expert evidence on matters that may be resolved or materially shaped by decisions in *Jones* and *Brazil*. Indeed, "declining to stay this case might ultimately result in an even longer delay and more hardship for the parties" by triggering multiple rounds of briefing and expert discovery. *Pardini*, 2015 WL 1744340, at *2; *accord Gustavson*, 2014 WL 6986421, at *3 (citing likelihood of "material" guidance from Ninth Circuit as supporting stay to avoid multiple rounds of briefing on class certification). A stay merely puts this case in abeyance, which means neither party "will not be required to expend time or resources litigating this case" under theories that may soon prove outdated. *Pardini*, 2015 WL 1744340, at *1. The timing of this motion is particularly appropriate because neither party has briefed class certification or exchanged expert reports. A stay also could obviate the need for substantial discovery motion practice, as well as expensive and time-consuming foreign discovery. *See Alvarez v. T-Mobile USA, Inc.*, No. 2:10-2373 WBS GGH, 2010 WL 5092971, at *2 (E.D. Cal. Dec. 7, 2010) (granting stay, reasoning that "[i]t would be

1  burdensome for both parties to spend time, energy, and resources on pretrial and discovery issues,
2  only to find those issues moot within less than a year.").

### C. A Stay Will Not Prejudice Plaintiff

Finally, a stay will not prejudice plaintiff.  To start, plaintiff has not identified and cannot "identify evidence that might be lost, witnesses who might become unavailable, or any other actual damage to her case that might flow from the requested stay." *Leonhart*, 2015 WL 3548212, at *3. SNA already has completed its document production, and plaintiff has deposed numerous witnesses, including SNA's chief executive, chief marketing officer, and other employees.  As a result, a stay "will cause no harm to the merits of [plaintiff's] case" and should cause "no loss of evidence" that plaintiff will offer in support of class certification or the merits.  *Wilson*, 2015 WL 4451424, at *2

The only supposed "harm that a stay would impose upon" plaintiff is by "frustrating her natural desire to move her case along." *Leonhart*, 2015 WL 3548212, at *3.  That, however, does not justify proceeding with class certification briefing or further discovery without the benefit of guidance from the Ninth Circuit.  Likewise, plaintiff cannot justify proceeding on the grounds that "an unfavorable holding" by the Ninth Circuit "would damage [her] chances of winning this case." *Pardini*, 2015 WL 1744340, at *1.  Such an argument merely underscores why a stay is warranted. SNA should not be forced to incur further needless expense litigating this matter if the Ninth Circuit issues guidance that forecloses certification on this record.

### IV. CONCLUSION

For the reasons set forth above, SNA respectfully requests that the Court grant its motion to stay the case pending resolution of *Jones*, *Brazil*, and *Kosta.*

Dated:  November 18, 2015

Respectfully submitted,
SIDLEY AUSTIN LLP

By: /s/ Nitin Reddy
    Nitin Reddy
    Attorneys for Defendant
    SALOV NORTH AMERICA CORP.