**GUTRIDE SAFIER LLP**
Adam J. Gutride (SBN 181446)
Seth A. Safier (SBN 197427)
Marie McCrary (SBN 262670)
Kristen G. Simplicio (SBN 263291)
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 336-6545
Facsimile: (415) 449-6469

**Attorneys for Plaintiff, ROHINI KUMAR**

**SIDLEY AUSTIN LLP**
Mark E. Haddad (SBN 205945)
Sean A. Commons (SBN 217603)
Nitin Reddy (SBN 229451)
Jaya C. Gupta (*pro hac vice*)
555 West Fifth Street, Suite 4000
Los Angeles, California  90013
Telephone: (213) 896-6000
Facsimile: (213) 896-6600

**Attorneys for Defendant, SALOV NORTH AMERICA CORP.**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ROHINI KUMAR, an individual, on behalf of herself, the general public and those similarly situated,<br><br>             Plaintiff,<br><br>vs.<br><br>SALOV NORTH AMERICA CORP.,<br><br>             Defendant. | Case No. 4:14-cv-02411-YGR<br><br>Assigned to: Hon. Yvonne Gonzalez Rogers<br><br>**STIPULATION TO DISMISS PLAINTIFF'S "EXTRA VIRGIN" ALLEGATIONS** |

**WHEREAS**, on May 23, 2014, Plaintiff filed her Complaint in this Action against Defendant SALOV North America Corp., Inc.;

**WHEREAS**, Plaintiff alleged that Defendant had misrepresented olive oil sold in California as "Imported from Italy" and had misrepresented a subset of the olive oil as "Extra Virgin;"

**WHEREAS**, Plaintiff alleged that this Action should proceed on behalf of (1) a class of California purchasers of Defendant's olive oil that was labeled "Imported from Italy" and (2) a national class and California subclass of purchasers of Defendant's olive oil that was labeled "Extra Virgin;"

**WHEREAS**, to support her claim that Defendant's olive oil was not extra virgin, Plaintiff alleged, among other things, that the oil had failed tests performed at the request of Plaintiff's counsel by a certified laboratory, and that it was packed in clear bottles that allowed it to be degraded by light;

**WHEREAS**, Defendant has at all times vigorously disputed Plaintiff's allegations;

**WHEREAS**, Defendant in particular contested Plaintiff's allegations about testing of the oil, and it served (but has not filed) motions under Rule 11 of the Federal Rules of Civil Procedure demanding that those allegations be withdrawn;

**WHEREAS**, in response to Defendant's Rule 11 motions, Plaintiff's counsel prepared and served two Erratas to the Complaint, which modified but preserved allegations that the oil did not qualify as extra virgin and that it had failed certain tests;

**WHEREAS**, Defendant has moved for issuance of "Letters Rogatory," pursuant to the Hague Convention, to obtain documents and deposition testimony from the laboratory that performed the testing—the Wagga Wagga Agricultural Institute in Wagga Wagga, New South Wales, Australia ("WWAI");

**WHEREAS**, Defendant has served deposition subpoenas to Plaintiff's counsel, seeking documents and listing topics for questioning under Rule 30(b)(6) about the handling of the olive oil before it was sent for testing, and Plaintiff has indicated its intent to object to or move to quash those subpoenas;

1     **WHEREAS**, Plaintiff's counsel has informed Defendant that it has retained Rod Mailer, Ph.D., of Lambton, New South Wales, Australia, as Plaintiff's expert witness, and that Dr. Mailer intends to submit a report in support of her allegations that the olive oil does not qualify as extra virgin;

    **WHEREAS**, Defendant has indicated its intent to depose Dr. Mailer and to submit a rebuttal expert report;

    **WHEREAS**, Plaintiff has obtained discovery from Defendant showing that, during the proposed class period, the olive oil labeled extra virgin was often sold in tinted bottles and clear bottles at the same time with the same labeling, which may make it difficult to define a class of similarly situated persons;

    **WHEREAS**, the parties agree that certification of a nationwide class of extra virgin olive oil purchasers is unlikely, because of choice-of-law issues identified in recent case law; and

    **WHEREAS**, the parties believe that it will advance their interests, decrease litigation costs, and streamline the issues for resolution in this Action if Plaintiff is permitted to dismiss her individual and class allegations regarding the purported failure of the olive oil to qualify as "Extra Virgin" and to proceed only on her claims on behalf of California purchasers that the oil is not properly labeled "Imported from Italy."

    **NOW THEREFORE**, the parties agree as follows:

1. Plaintiff shall not continue to prosecute any individual or class claims regarding the alleged failure of Defendant's olive oil to qualify as "Extra Virgin," such claims shall be deemed dismissed with prejudice, and Plaintiff shall have no recovery in connection with those claims.

2. Defendant shall not proceed with its requested discovery of WWAI, of Plaintiff's counsel, or of Dr. Mailer.

3. Plaintiff shall not offer as evidence or otherwise rely upon in this action any testimony or statements by Dr. Mailer (including any reports, writings, declarations, affidavits, or publications by Dr. Mailer) and/or any testing or testing

results (from any source and in whatever form) concerning whether Defendant's olive oil qualifies as "Extra Virgin."

4. Defendant shall not seek relief under its Rule 11 motions for the allegations that the oil was not "Extra Virgin," nor any award of fees or expenses incurred defending against the allegations that the oil was not "Extra Virgin," but reserves all such rights with respect to any remaining claims.

5. Defendant shall not argue that the assertion or subsequent withdrawal of the allegations that the oil was not "Extra Virgin" renders Plaintiff or her counsel inadequate to represent the class, nor shall the agreements reflected in this stipulation be used as evidence for or against any party on any issue (whether for class certification, the merits or otherwise) for the remaining claims about the labeling of the oil as "Imported from Italy" or in any other proceeding.

Dated: January 7, 2016

/s/ Sean Commons
Sean Commons
Attorney for Defendant
SALOV North America Corp., Inc.

Dated: January 7, 2016

/s/ Adam Gutride
Adam J. Gutride
Attorney for Plaintiff Rohini Kumar

PURSUANT TO STIPULATION, and good cause appearing, the Court hereby orders as follows:

1. Plaintiff shall not continue to prosecute any individual or class claims regarding the alleged failure of Defendant's olive oil to qualify as "Extra Virgin," such claims shall be deemed dismissed with prejudice, and Plaintiff shall have no recovery in connection with those claims.

2. Defendant shall not proceed with its requested discovery of WWAI, of Plaintiff's counsel, or of Dr. Mailer.

3. Plaintiff shall not offer as evidence or otherwise rely upon in this action any testimony or statements by Dr. Mailer (including any reports, writings, declarations, affidavits, or publications by Dr. Mailer) and/or any testing or testing results (from any source and in whatever form) concerning whether Defendant's olive oil qualifies as "Extra Virgin."

4. Defendant shall not seek the relief under its Rule 11 motions for the allegations that the oil was not "Extra Virgin," nor any award of fees or expenses incurred defending against the allegations that the oil was not "Extra Virgin," but reserves all such rights with respect to any remaining claims.

5. Defendant shall not argue that the assertion or subsequent withdrawal of the allegations that the oil was not "Extra Virgin" renders Plaintiff or her counsel inadequate to represent the class, nor shall the agreements reflected in this stipulation be used as evidence for or against any party on any issue (whether for class certification, the merits or otherwise) for the remaining claims about the labeling of the oil as "Imported from Italy" or in any other proceeding.

**IT IS SO ORDERED**

DATED: _____          _____
                                THE HONORABLE YVONNE GONZALES ROGERS
                                UNITED STATES DISTRICT JUDGE