**GUTRIDE SAFIER LLP**
ADAM J. GUTRIDE (State Bar No. 181446)
SETH A. SAFIER (State Bar No. 197427)
KRISTEN G. SIMPLICIO (State Bar No. 263291)
100 Pine Street, Suite 1250
San Francisco, California 94111
Telephone: (415) 639-9090
Facsimile: (415) 449-6469

**TYCKO & ZAVAREEI LLP**
HASSAN A. ZAVAREEI (State Bar No. 181547)
JEFFREY D. KALIEL (State Bar No. 238293)
ANDREW J. SILVER (*pro hac vice*)
1828 L Street, N.W., Suite 1000
Washington, DC 20036
Telephone: (202) 973-0900
Facsimile: (202) 973-0950

Attorneys for Plaintiff ROHINI KUMAR

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

ROHINI KUMAR, an individual, on behalf of herself, the general public and those similarly situated,

Plaintiff,

v.

SALOV NORTH AMERICA CORP.,

Defendant.

CASE NO. 4:14-cv-02411-YGR

SUPPLEMENTAL DECLARATION OF KRISTEN SIMPLICIO IN SUPPORT OF PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

Date: May 24, 2016
Time: 2:00 p.m.
Courtroom 1

Hon. Judge Yvonne Gonzalez Rogers

I, Kristen Simplicio, declare as follows:

1. I am an attorney licensed to practice law in California and am an attorney with the law firm Gutride Safier LLP. I have personal knowledge of the facts stated herein and, if called as a witness, I could and would competently testify thereto.

2. Attached hereto as Exhibit 28 is a true and correct copy of photographs of 25.3 ounce (750 ml) and 16.9 ounce (500 ml) bottles of Filippo Berio Extra Virgin Olive Oil with a "neck collar" placed on the bottles. The "neck collar" on the bottles was obtained by printing a true and correct copy of the examplar provided on page 17 of the Declaration of Thomas Mueller in Support of Defendant's Opposition to Class Certification. Dkt. 94 at 18.

3. Attached hereto as Exhibit 29 is a true and correct copy of the document produced by Salov at Bates label SNA-0000130.

4. Attached hereto as Exhibit 30 is a true and correct copy of the amicus brief filed by the Customs and International Trade Bar Association in *United States v. The Mead Corporation*, No. 99-1434 (U.S.) (filed Aug. 16, 2000).

5. Attached hereto as Exhibit 31 are true and correct copies of excerpts from the Deposition of Keith Ugone. Salov is still within the time limit during which it may designate portions of this transcript as confidential, so Plaintiff is treating it as confidential for purposes of this brief.

6. Attached hereto as Exhibit 32 are a true and correct copies of excerpts from the Deposition of Rohini Kumar.

7. On July 7, 2015, Adam Gutride, a partner at Gutride Safier LLP, sent a lengthy letter to counsel for Salov North America Corporation addressing various issues. In that letter, Mr. Gutride informed counsel for Salov:

> Finally, you contend that Ms. Kumar's testimony in the Safeway case is inconsistent with my representations to the Court that Ms. Kumar did not look at the back of the Filipo Berio bottle and see the legend about countries of origin. There are several flaws in your contention. First, Ms. Kumar's testimony is about her general practices, not what she did with respect to the Filippo Berio bottle. You have not yet deposed her about that instance. Second, even if Ms. Kumar had looked at the best by date on the back of the bottle, she would not necessarily have been alerted to the country of origin legend, which is not adjacent, or in the

same typeface or color. Third, prior to making my representations to the Court, I investigated the issue on which I reported to the Court, and I had a good faith basis for making the statement I made. Fourth, whether Ms. Kumar did or did not look at the back of the bottle was not before the Court on the motion to dismiss, as it was reviewing the sufficiency of her pleading. Defendant's argument was that Plaintiff *admitted* looking at the back of the bottle to see the best by date, and it was this argument that I was countering by saying that Plaintiff had admitted no such thing. In response to my argument, the Court examined the complaint and chastised Defendant's counsel for misrepresenting what the complaint said. Tr. Hrg. 5:22-25 ("That doesn't say she looked at the back of the bottle. You know, you really should not overreach and misrepresent.That's not what it says."). Further, at the time of its decision, the Court also was aware of (and directly relied on parts of) Judge Seeborg's opinion in the *Koller* matter; that opinion rejected a similar argument as follows:

> Moreover, even assuming that, contrary to the allegations of the First Amended Complaint, Koller did see the back label insofar as he noticed and relied on the "best if used by" date, it does not follow that he necessarily must have, or even should have, seen the information about the origin of the olives. Deoleo will remain free to defend, of course, by contending that the phrase "imported from Italy" is not misleading for any number of reasons, including asserting that back label disclosures are adequate. At this juncture, however, its contention that Koller is precluded from claiming he was misled is unavailing.

*Koller,* slip. op. at 7.

8. Counsel for Plaintiff also represents the plaintiff in the matter of *Koller v. Deoleo USA, Inc.,* Case. No. 14-cv-2411, another olive oil labeling case. In September 2014, subpoenas seeking the same categories of information were issued in both this case and in *Koller* to the same set of third parties. In response, many of the third parties subpoenaed contacted my office. Shortly thereafter, Salov sought and received a discovery stay. On October 7, 2014 I responded to some of the third parties who had written in regards to the subpoenas issued in both cases. One such email is attached as Exhibit O to the Declaration of Sean Commons. The purpose of my email was to schedule a call to inform the parties that (1) Plaintiff was not enforcing the subpoenas issued in this case due to the stay; (2) Plaintiff would not be immediately enforcing the subpoenas issued in *Koller* provided the third parties agreed that the information sought would be preserved, and to meet and confer on the nature of information to be preserved. At no time during the pendency of the stay did I or anyone representing Plaintiff seek to enforce the subpoenas issued in this case.

9. Attached hereto as Exhibit 33 is a true and correct copy of the document produced by Salov at Bates label SNA-0009588, which was designated as confidential by Salov.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 10th day of May, 2016, at Berkeley, California

/s/ Kristen Simplicio
Kristen Simplicio