Mark E. Haddad, SBN 205945
mhaddad@sidley.com
Sean A. Commons, SBN 217603
scommons@sidley.com
Nitin Reddy, SBN 229451
nreddy@sidley.com
**SIDLEY AUSTIN LLP**
555 West Fifth Street, Suite 4000
Los Angeles, California  90013
Telephone:  (213) 896-6000
Facsimile:  (213) 896-6600

**Attorneys for SALOV NORTH AMERICA CORP.**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ROHINI KUMAR, an individual, on behalf of herself, the general public and those similarly situated, | Case No. 4:14-cv-02411-YRG |
| Plaintiff, | Assigned to: Hon. Yvonne Gonzalez Rogers |
| vs. | **DEFENDANT'S OBJECTION TO NEW EVIDENCE FILED WITH REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR CLASS CERTIFICATION** |
| SALOV NORTH AMERICA CORP., | |
| Defendant. | |

Pursuant to Civil Local Rule 7-3(d)(1), Defendant SALOV North America Corp. ("SNA"), objects to new evidence submitted by Plaintiff Rohini Kumar ("Plaintiff") in her Reply in Support of her Motion for Class Certification (Doc. No. 109).  SNA asks this Court to strike Exhibit 28 ("Exhibit 28") attached to the Declaration of Kristen Simplicio ("Simplicio Declaration") and the Reply Declaration of Colin Weir ("Reply Declaration") from consideration.

It is well-settled that courts will not consider arguments or evidence introduced for the first time in a reply brief.  *See Coos County v. Kempthorne*, 531 F.3d 792, 812 n.16 (9th Cir. 2008) (declining to consider an argument raised for the first time in a reply brief); *Contratto v. Ethicon, Inc.*, 227 F.R.D. 304, 309 n.5 (N.D. Cal. 2005) (stating movants' attempt to introduce new evidence in connection with their reply papers was improper); *Coleman v. Brown*, 938 F. Supp. 2d 955 n.35 (E.D. Cal. 2013) (stating the "time and place" for a movant to submit evidence was in its moving papers, not in its reply).  With respect to class certification, because Plaintiff has the burden of demonstrating that the requirements of Rule 23 are satisfied by a preponderance of evidence, *see Quesada v. Banc Am. Inv. Servs.*, No. 11-cv-01703-YGR, 2013 WL 623288, at *4 (N.D. Cal. Feb. 19, 2013) (Gonzales Rogers, J.), any evidence in support of class certification must be "proffered with Plaintiff['s] *moving papers* in order to afford Defendant[] a full and fair opportunity to respond," *In re Flash Memory Antitrust Litig.*, No. C 07-0086 SBA, 2010 WL 2332081, at *15 (N.D. Cal. June 9, 2010) (declining to consider expert's reply declaration and denying motion for class certification) (emphasis supplied); *see also Ellis v. J.P. Morgan Chase & Co.*, No. , 2015 WL 9178076, at *5, 7 (N.D. Cal. Dec. 17, 2015) (declining to consider supplemental declaration and denying motion for class certification) (Gonzales Rogers, J.).  Evidence will be excluded if it could have been presented by the moving party in its opening memorandum in support of its motion for class certification.  *See In re Cathode Ray Tube Antitrust Litig.*, No. C-07-5944-SC, 2013 WL 6502170, at *1 n.1 (N.D. Cal. Dec. 11, 2013) (sustaining objection to new reply evidence because party "knew that its reply evidence was pertinent to this dispute" and could have presented it earlier).

Here, Plaintiff has submitted new evidence with her Reply in a belated attempt to support her unsubstantiated assertion in her opening brief that "[m]illions of consumers were exposed to identical misrepresentations on Salov's labels and purchased the same mislabeled oil." *See* Doc. No.

85 at 1.  Since Plaintiff had an affirmative obligation to set forth the evidence necessary to satisfy the requirements to certify a class in her opening memorandum, *see id*, there is no plausible reason why Plaintiff could not have submitted Exhibit 28 or Mr. Weir's *post hac* regression analysis with her opening brief.  Accordingly, the new reply evidence should not be considered by the Court in ruling upon class certification.

## A.   PLAINTIFF IMPROPERLY OFFERS NEW EVIDENCE AS PART OF HER REPLY

### 1.   Exhibit 28, Attached to Simplicio Declaration

SNA objects to Plaintiff's offer of new reply evidence in Exhibit 28 on the grounds that the photographs, purportedly of two bottles of different sizes (16.9 oz and 25.3 oz) of Filippo Berio olive oil with neck collars, are unauthenticated in violation of Federal Rule of Evidence 901.  *See* Fed. R. Evid. 901 ("To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is").  Exhibit 28, which does not depict an actual neck collar, but rather is an exemplar printed by Plaintiff, was never shown to any witness at deposition to establish that it is a fair and accurate representation of how bottles of Filippo Berio olive oil would appear with actual neck collars to consumers.  Accordingly, such evidence should be stricken from consideration.[1]

SNA further objects to Exhibit 28 on the grounds that its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the finder of fact.  Ms. Simplicio's Declaration fails to describe how the exemplar neck collar was made beyond stating that it was printed using a true and correct copy of an exemplar attached to Thomas Mueller's Declaration in support of SNA's Opposition to Class Certification.  *See* Simplicio Decl. at ¶ 2.  Neither SNA nor the Court has any way to determine whether, for example, its proportions are true and correct, it was made with the same weight of paper used by SNA, or whether Ms. Simplicio cut the neck-portion of the exemplar in a manner that accurately mimics how actual neck collars produced by SNA were cut.  Moreover, it appears that the neck collar in Exhibit 28 is intentionally folded at an obtuse angle to allow the photo to show the "Imported from Italy" statement, and there

---

[1] Should the Court request additional evidence on this issue, SNA is happy to provide the Court with bottles of Filippo Berio olive oil containing actual neck collars in circulation during the class period.

has been no showing that such folding is typical or representative of neck collars. Dissimilar proportions, paper weight, cut, and/or angle would skew how the neck collar lies on the bottles of oil and, consequently, would misrepresent whether the "Imported from Italy" portion of the label could be seen by consumers. Accordingly, Exhibit 28 should also be stricken on probative value grounds as well. SNA submits that the probative evidence on neck collars is Mr. Mueller's Declaration. If, however, this Court considers Exhibit 28 as evidence on neck collars, SNA should be allowed to supplement Mr. Mueller's Declaration with demonstrative examples in response.

### 2.      Reply Declaration of Colin Weir

SNA objects to the Reply Declaration of Colin B. Weir ("Reply Declaration") as providing untimely, inappropriate, and prejudicial new evidence and analysis on reply. Mr. Weir's Reply Declaration – at 45 pages in length, excluding exhibits – is nearly *twice* the length of Mr. Weir's opening declaration and goes well beyond Mr. Weir's opening opinions and the Reply Declaration's purported purpose of responding to the Declaration of Keith Ugone. It was Plaintiff's initial burden to demonstrate that damages could be calculated on a classwide basis, and the new opinions in the Reply Declaration should have been proffered, if at all, in Mr. Weir's opening declaration. Therefore, the Court should strike the Reply Declaration from consideration. *In re Flash Memory Antitrust Litig.*, 2010 WL 2332081, at *15; *In re Taco Bell Wage & Hour Actions*, No. 1:07-cv-01314-OWW, 2011 WL 4479730, at *7 (E.D. Cal. Sept. 26, 2011) (rejecting expert's supplemental declaration purporting to correct errors in opening declaration in support of class certification).

If the Court does not strike the Reply Declaration in its entirety, it should at least strike the portions that contain new opinions. Most egregiously, Mr. Weir improperly uses his Reply Declaration to proffer an entirely new regression in support of class certification. He does so to correct an admitted fatal IRI sales data categorization error in his opening model, but then incorporates "various [undisclosed] updates to the product attribute data used in" his opening model in order to conveniently arrive at similar results. *See* Weir Reply Decl. ¶¶ 88-92 & Tables 7-8 & Ex. 2. It is improper for a plaintiff's expert to use his reply declaration to correct errors in his opening analysis and present new analysis in support of class certification when the expert previously had access to the underlying data. *See, e.g. In re Taco Bell Wage & Hour Actions*, 2011 WL 4479730, at

*7; *In re Graphics Processing Units Antitrust Litig.*, 253 F.R.D. 478, 500-01 & n.7 (N.D. Cal. 2008) (striking new regressions provided in expert's rebuttal report in support of class certification where there was "no evidence that Dr. Netz could not have located that information earlier and included it in her opening declaration").  Although Mr. Weir claims his undisclosed updates to the product attribute data were because he "found several inconsistencies between the actual labels and IRI attributes after a review of the product labels", he provides no justification for why he did not review the accuracy of his data before filing his opening declaration.  *See* Weir Reply Decl. ¶ 89.  The timing of Mr. Weir's changes is prejudicial to SNA and is compounded by Mr. Weir's failure to produce to SNA any documents or information reflecting his changes, notwithstanding SNA's request for such materials on May 13, 2016.  Thus, SNA has been deprived of any opportunity to examine and respond to Mr. Weir's new regression.  Given the foregoing, the Court should strike Mr. Weir's new regression and analysis thereof, including paragraphs 88-92, Tables 7-8, and Exhibit 2 of the Reply Declaration.  At a minimum, if the Court does consider Mr. Weir's new analysis, it should grant SNA leave to re-depose Mr. Weir, and SNA reserves the right to bring a subsequent *Daubert* motion to exclude it.

The Court should strike paragraph 32 of the Reply Declaration.  Mr. Weir asserts therein, for the first time, his opinion that that the conditions necessary to permit fraud on the market are satisfied for consumer olive oils.  Mr. Weir did not offer any opinion regarding the conditions for fraud of the market in his opening brief and should not be permitted to do so on reply, particularly because SNA will not have an opportunity to probe the basis of Mr. Weir's opinion or provide a response.  Therefore, paragraph 32 constitutes new evidence on reply and should be stricken.

The Court should strike paragraphs 65 and 68 of the Reply Declaration.  Mr. Weir asserts for the first time therein that it would be appropriate for the Court to use a survey technique such as conjoint analysis in conjunction with a hedonic regression model to calculate classwide damages.  Mr. Weir did not offer or discuss such a "dual approach" in his opening declaration despite being well aware of the *In re ConAgra Foods* opinion, as he was an expert in that case.  Mr. Weir's opinion regarding this "dual approach" constitutes new evidence on reply and should be stricken.

/ / /

The Court should strike paragraphs 69-70 and Table 4.  Mr. Weir presents and discusses therein new statistical "Chow" tests in support of his regression.  Mr. Weir did not present any such statistical tests in his opening declaration and has not produced to SNA any documents or information underlying these statistical tests and analysis, notwithstanding SNA's request for such materials on May 13, 2016.  Thus, SNA has been deprived of any opportunity to examine and respond to them.  These tests constitute improper new evidence on reply and should be stricken.

The Court should strike paragraph 53 of Mr. Weir's Reply Declaration.  Mr. Weir attempts therein to introduce and discuss a study not previously cited in his opening declaration, which study Mr. Weir has not produced to SNA.  Mr. Weir's analysis in this paragraph constitutes improper new evidence on reply and should be stricken.

**B.      CONCLUSION**

As set forth above, the evidence described herein should be excluded from evidence considered in support of Plaintiff's Motion for Class Certification.

Dated:  May 17, 2016

Respectfully submitted,

SIDLEY AUSTIN LLP


By: /s/ Nitin Reddy
    Mark E. Haddad
    Sean A. Commons
    Nitin Reddy

Attorneys for SALOV NORTH AMERICA CORP.