1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

NORTHERN DISTRICT OF CALIFORNIA

10

OAKLAND DIVISION

11

| | |
|---|---|
| ROHINI KUMAR, an individual, on behalf of herself, the general public and those similarly situated, | CASE NO. 4:14-cv-02411-YGR |
| Plaintiff, | ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT |
| v. | AS MODIFIED BY THE COURT |
| SALOV NORTH AMERICA CORP. | |
| Defendant. | |

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

**BACKGROUND**

2   Plaintiff Rohini Kumar ("Class Representative") has moved the Court for preliminary

3   approval of a proposed class action settlement with Defendant Salov North America Corporation

4   ("Salov" or "Defendant"), the terms and conditions of which are set forth in the Settlement

5   Agreement filed with the Court on December 30, 2016 ("Settlement Agreement").

6   This case concerns the marketing and labeling of Filippo Berio brand olive oil

7   ("Products") from May 23, 2010 and June 30, 2015 ("Class Period").

8   Plaintiff, who purchased at least one of the Products during the Class Period, contends that

9   they were mislabeled as "Imported from Italy."

10   Plaintiff contends that, by marketing the Products as "Imported from Italy," Defendant

11   caused people to purchase the Products who would not otherwise have done so. She also contends

12   that the Products were sold at a higher price than they would have been sold without the

13   misstatements. Plaintiff seeks to recover, on behalf of a class of all purchasers other than re-

14   sellers, the dollar volume of extra sales, and the dollar amount of the "premium" price that is

15   attributable to the alleged misrepresentations. Plaintiff's expert economist Colin Weir submitted a

16   declaration in support of class certification opining that, based on a regression analysis of prices,

17   the premium allegedly paid by purchasers in California was approximately $1.2 million, which

18   averages approximately $0.34 per bottle, which is less than the payment per bottle available under

19   the proposed settlement.

20   Defendant denies that there is any factual or legal basis for Plaintiff's allegations. It

21   contends that the labeling of the Products was truthful and non-misleading, and that purchasers

22   did not pay a "premium" for the Products as the result of any misrepresentations. It also

23   challenges the methodology and conclusions of Plaintiff's expert. It also denies that Plaintiff or

24   any other purchasers have suffered injury as a result of the "Imported from Italy" representation

25   or are entitled to monetary or other relief. Defendant also denies that this case can be certified as a

26   class action on behalf of the proposed settlement class, except for purposes of settlement.

27   The history of this litigation is summarized in Part I of the Settlement Agreement. In brief,

28   this case was filed in March 2014. Substantial discovery was taken by both parties. For example,

1   Defendants produced to Plaintiff's Counsel over 30,000 pages of documents.  Plaintiff's counsel

2   also conducted five depositions of Defendants' employees, requested and received written

3   discovery responses from Defendants and several third parties, and conducted expert discovery.

4   On July 15, 2016, the Court certified a class, to pursue the Imported from Italy Allegations, of

5   "All purchasers in California of liquid Filippo Berio brand olive oil of any grade except 'Organic'

6   between May 23, 2010 and June 30, 2015" (the "California Class").

7           After the California Class was certified, the Parties agreed to mediation with Randy Wulff

8   of Wulff Quinby & Sochynsky in Oakland, California. That mediation led to a settlement, the

9   terms of which are fairly and accurately summarized in the proposed Long Form Notice to

10  Settlement Class Members attached as Exhibit B1 to the Settlement Agreement. In brief,

11  Defendant has removed the "Imported From Italy" labeling from the Products and replaced that

12  phrase with the word "Imported."  It also has agreed not to use the phrase "Imported from Italy"

13  until at least three years after the Effective Date, unless the Product so labeled is 100% Italian

14  olive oil composed entirely of oil extracted in Italy from olives grown in Italy.  In addition, all

15  Settlement Class Members may submit a claim for a payment of $0.50 per Product purchased,

16  with a guaranteed minimum payment of $2.00 for Valid Claims. No Proof of Purchase is required

17  to obtain a payment for up to 10 Products purchased (i.e., payments up to $5.00 per household);

18  while Proof of Purchase is required to obtain a payment of more than $5.00 (i.e., for more than 10

19  Product packages purchased per household). The Claim Form process is simple and not

20  burdensome, merely requiring Claimants to provide their name, address, email (for online

21  submissions), number of Products purchased, approximate dates of purchase, and to aver under

22  penalty of perjury that purchases were for personal use, not resale, and that they would not have

23  paid the price(s) charged and/or made the purchase(s) but for the phrase "Imported from Italy."

24          As part of the settlement, Plaintiff's attorneys may apply to this Court to award them up to

25  $982,500 from Defendant to pay their attorneys' fees and expenses, plus up to $2,500 from

26  Defendant as a payment to the Class Representative. Such amounts must be approved by the

27  Court, and the Court will defer any ruling on the appropriateness of such awards until the final

28  approval hearing.

Notice is to be provided as described in the Settlement Agreement consistent with a notice plan designed by Heffler Claims Group, a well-known and experienced class action administrator. Heffler Claims Group also will receive and process Claim Forms. Defendant alone will pay the notice and administration costs associated with the settlement.

## PRELIMINARY APPROVAL ORDER

Having considered all matters submitted to it at the hearing on the motion and otherwise, including the complete record of this action, and good cause appearing therefore, the Court **ORDERS** as follows:

1. The capitalized terms used in this Order shall have the same meaning as defined in the Settlement Agreement except as otherwise expressly provided.

2. The Court preliminarily approves the Settlement Agreement as within the range of possible final approval, and as meriting submission to the Settlement Class for its consideration.

3. For purposes of the settlement only, the Court certifies the Settlement Class, which consists of all natural persons who, between May 23, 2010 and June 30, 2015, purchased, in the United States, any Filippo Berio Olive Oil product, other than for purpose of resale. Excluded from the Settlement Class are (1) the Honorable Judge Yvonne Gonzalez Rogers; (2) Randall Wulff, (3) any member of their immediate families; (4) Defendant; (5) any entity in which Defendant has a controlling interest; (6) any of Defendants' subsidiaries, parents, affiliates, and officers, directors, employees, legal representatives, heirs, successors, or assigns; and (7) any persons who timely exclude themselves from the Settlement Class

4. The Court preliminarily finds  that the requirements of Rule 23 of the Federal Rules of Civil Procedure are conditionally satisfied, including requirements that the Settlement Class Members are too numerous to be joined in a single action; that common issues of law and fact exist and predominate; that the claims of the Class Representative is typical of the claims of the Settlement Class Members; that the Class Representative and Class Counsel can adequately protect the interests of the Settlement Class Members; and that a settlement class is superior to alternative means of resolving the claims and disputes at issue in this Litigation.

5.      The Court conditionally designates the law firm of Gutride Safier LLP and Tycko and Zavareei as Class Counsel and Rohini Kumar as Class Representative of the Settlement Class for purposes of this settlement. Consistent with its prior ruling in this case certifying the California class, the Court preliminarily finds that the Class Representative and Class Counsel have fairly and adequately represented and protected the interests of the absent Settlement Class Members. The Court designates, and approves, Heffler Claims Group to serve as Claim Administrator.

6.      A Final Approval Hearing shall be held before this Court at 2:00 p.m. on **May 30, 2017**, in Courtroom 1, Fourth Floor, of the United States District Court for the Northern District of California, 1301 Clay Street, Oakland, CA 94612, to address: (a) whether the proposed settlement should be finally approved as fair, reasonable, and adequate, and whether the Final Approval Order should be entered, and (b) whether Class Counsel's application for attorneys' fees, costs, and a payment to the Class Representative should be approved.

7.      The Court approves, as to form and content, the Claim Form and the Notices, substantially similar to the forms attached as Exhibits A and B1 to B3 to the Settlement Agreement.  The Claim Form and all of the notices are written in plain English, are easy to comprehend, and fully comply with the requirements of the Due Process Clause of the United States Constitution, Rule 23 of the Rules of Civil Procedure, and any other applicable law. The Parties shall have discretion to jointly make non-material minor revisions to the Claim Form or Notices. Responsibility regarding settlement administration, including, but not limited to, notice and related procedures, shall be performed by the Claim Administrator, subject to the oversight of the Parties and this Court as described in the Settlement Agreement.

8.      The Court finds that the Parties' plan for providing notice to the Settlement Class (the Notice Plan) is reasonably calculated to provide notice to the Settlement Class of the pendency of the Litigation, certification of the Settlement Class, the terms of the Settlement Agreement, the Final Approval hearing, and applicable deadlines, and complies fully with the requirements of the Due Process Clause of the United States Constitution, Rule 23 of the Rules of Civil Procedure, and any other applicable law. The Parties and the Claim Administrator shall

comply with the Notice Plan and other deadlines as set forth in the Settlement Agreement and this Order.

9. Any member of the Settlement Class who desires to be excluded from the Settlement Class, and therefore not be bound by the terms of the Settlement Agreement, must submit a timely request for exclusion to the Claim Administrator, pursuant to the instructions set forth in the Long Form Notice. The request must be sent to the Claim Administrator postmarked no later than **May 2, 2017**. No one shall be permitted to exercise any exclusion rights on behalf of any other person, whether as an agent or representative of another or otherwise, except upon proof of a legal power of attorney, conservatorship, trusteeship, or other legal authorization, and no one may exclude other persons within the Settlement Class as a group, class, or in the aggregate.

10. No later than **May 16, 2017**, the Claim Administrator shall prepare a list of the names of the persons who, pursuant to the Class Notice described herein, have excluded themselves from the Settlement Class in a valid and timely manner, and Plaintiff's Counsel shall file that list with the Court. The Court retains jurisdiction to resolve any disputed exclusion requests.

11. Any member of the Settlement Class who elects to be excluded shall not receive any benefits of the settlement, shall not be bound by the terms of the Settlement Agreement, and shall have no standing to object to the settlement or intervene in the Litigation.

12. For good cause shown, the definition of the class certified by this Court on July 15, 2016 shall be modified, so that the class excludes businesses and purchasers for resale, as intended by Plaintiff and Plaintiff's Counsel and as appropriate to ensure common factual issues and legal claims. The new definition shall be "All natural persons in California who purchased liquid Filippo Berio brand olive oil of any grade except 'Organic' between May 23, 2010 and June 30, 2015, except for purposes of resale" ("California Litigation Class"). If the Settlement is not approved, or if the Effective Date does not occur for any other reason, then the Litigation will continue on behalf of the California Litigation Class as amended by this Order. Members of the California Litigation Class who do not wish to be bound by a judgment in favor of or against the

California Litigation Class must exclude themselves from the Litigation.  The process and time limits for members of the California Litigation Class to exclude themselves from the Litigation are identical to those set forth with respect to the members of the Settlement Class in the Long Form Notice and in paragraphs 9-11 of this Order, except as follows. If the Settlement is not approved or the Effective Date does not occur, members of the California Litigation Class who submitted timely objections to the Settlement or timely claims under the Settlement (whether or not such claims are deemed Valid Claims) shall have an additional forty-five (45) days from notice of termination of the settlement to exclude themselves from the California Litigation Class, and members of the California Litigation Class who submitted timely requests to exclude themselves from the Settlement shall have an additional forty-five (45) days from notice of termination of the settlement to revoke their requests for exclusion and to rejoin the California Litigation Class.  To effectuate this right, the all members of the California Litigation Class who submitted timely objections to the Settlement or timely claims under the Settlement (whether or not such claims are deemed Valid Claims) and who provided an email address in connection with their objections or claims shall be provided a further notice by email, informing such persons of an additional period to exclude themselves from the Litigation.  In addition, all members of the California Litigation Class who submitted timely requests to exclude themselves from the Settlement and Litigation and who provided an email address in connection with their request for exclusion shall be provided a further notice by email, informing such persons of an additional period to revoke their request for exclusion and to rejoin the California Litigation Class for purposes of the continued Litigation.  Within ten (10) days of the Termination Date, the Parties shall meet and confer in good faith regarding the content of such notice and then seek to obtain Court approval for the notice.  All requests following the Termination Date for exclusion from the Litigation or to revoke a prior request for exclusion must be sent to the Claim Administrator and postmarked within forty-five days after notice of termination of the settlement, or they shall not be valid.  Members of the California Litigation Class who did not file an objection by the Objection Deadline or a claim by the Claim Filing Deadline shall have no further right after the Exclusion Date to exclude themselves from the Litigation, even if the Settlement is not approved

ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

or the Effective Date does not occur.

13.   Any Settlement Class Member who does not submit a valid and timely request for exclusion may submit an objection to the Settlement Agreement ("Objection"). The Objection must satisfy the requirements set forth in the Long Form Notice and must be filed with the Clerk of the Court and <u>postmarked</u> no later than **May 2, 2017**, or it will be rejected.

14.   Any Settlement Class Member shall have the right to appear and be heard at the Final Approval hearing, either personally or through an attorney retained at the Settlement Class Member's own expense. However, if the Settlement Class Member wishes to object to the Settlement at the Final Approval Hearing (either personally or through counsel), the Settlement Class Member must submit a timely written objection in compliance with the requirements referenced in the prior paragraph of this Order.

15.   Plaintiff shall file motions for Final Approval and for any award of attorneys' fees, costs and a class representative payment no later than **April 11, 2017**, and the reply in support of that motion and responses to any objections and requests to intervene no later than **May 9, 2017**. Those motions and all supporting documentation shall be posted to the Settlement Website within one day of filing.

16.   No later than **May 16, 2017**, the Claim Administrator shall provide a declaration to the Court regarding the number and dollar amount of claims received.

17.   In the event that the proposed settlement is not finally approved by the Court, or in the event that the Settlement Agreement becomes null and void or terminates pursuant to its terms, this Preliminary Approval Order and all orders entered in connection herewith (including any order amending the complaint) shall become null and void, shall be of no further force and effect, and shall not be used or referred to for any purposes whatsoever in this Litigation or in any other case or controversy, except as set forth in paragraph 12; in such event the Settlement Agreement and all negotiations and proceedings directly related thereto shall be deemed to be without prejudice to the rights of any and all of the Parties, who shall be restored to their respective positions as of the date and time immediately preceding the execution of the Settlement Agreement.

18.   This Order shall not be construed as an admission or concession by Defendant of the truth of any allegations made by the Plaintiff or of liability or fault of any kind.

19.   The Court may, for good cause, extend any of the deadlines set forth in this Order without further notice to the Settlement Class Members, though such extensions shall be posted to the Settlement Website. The Final Approval Hearing may, from time to time and without further notice to the Settlement Class Members beyond updates to the Court's docket and the Settlement Website, be continued by Order of the Court.

20.   If the Court grants Final Approval to the Settlement Agreement, then Settlement Class Members who have not timely requested to be excluded including persons who objected to the Settlement Agreement or submitted a Valid Claim, shall be deemed to have released their claims as set forth therein.

21.   Counsel for the Parties are hereby authorized to utilize all reasonable procedures in connection with the administration of the settlement which are not materially inconsistent with either this Order or the terms of the Settlement Agreement.

22.   All further proceedings and deadlines in this action are hereby stayed except for those required to effectuate the Settlement Agreement and this Order.

**IT IS SO ORDERED** this  27 th day of January, 2017.

HON. YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT JUDGE