ADAM J. GUTRIDE (State Bar No. 181446)
adam@gutridesafier.com
SETH A. SAFIER (State Bar No. 197427)
seth@gutridesafier.com
KRISTEN G. SIMPLICIO (State Bar No. 263291)
kristen@gutridesafier.com
**GUTRIDE SAFIER LLP**
100 Pine Street, Suite 1250
San Francisco, California 94111
Telephone: 415.271.6469
Facsimile: 415.449.6469

HASSAN A. ZAVAREEI (State Bar No. 181547)
hzavareei@tzlegal.com
JEFFREY D. KALIEL (State Bar No. 238293)
jkaliel@tzlegal.com
ANDREW J. SILVER (*pro hac vice*)
asilver@tzlegal.com
**TYCKO & ZAVAREEI LLP**
1828 L Street, N.W., Suite 1000
Washington, DC 20036
Telephone: (202) 973-0900
Facsimile: (202) 973-0950

Attorneys for Plaintiff and the Class

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

ROHINI KUMAR, individual, on behalf of herself, the general public and those similarly situated

Plaintiff,

v.

SALOV NORTH AMERICA CORPORATION,

Defendant.

CASE NO. 12-cv-04936 (LB)

**DECLARATION OF HASSAN A. ZAVAREEI IN SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND APPLICATION FOR ATTORNEYS' FEES, COSTS AND INCENTIVE AWARDS**

Date: May 30, 2017
Time: 2:00 p.m.
Courtroom 1, Fourth Floor
Judge: Hon. Yvonne Gonzalez Rogers

I, Hassan Zavareei, declare as follows:

1. I am a member of this Court and attorney of record for Plaintiff Rohini Kumar in this action.

2. I am a partner Tycko & Zavareei LLP ("TZ" or "Firm"), which has been appointed Class Counsel in the above-captioned matter. The information below is stated based on personal knowledge. I am competent to testify to the facts set forth below, and if called as a witness and placed under oath, I would testify to those facts.

3. I make this Declaration in support of Plaintiff' motion for final approval and attorneys' fees and costs and incentive awards ("Motion"). In that regard, I discuss, in the following order: (a) the history of this litigation, which includes a summary description of the legal services provided by TZ in this litigation to date; (b) the risks borne by TZ; (c) the time, rate, expenses, and other data underlying the Motion; and (d) TZ's continuing obligations in this litigation and under the Settlement Agreement.

**A. History of the Litigation.**

4. Prior to becoming co-counsel with the Gutride Safier firm ("GSLLP") in this matter, TZ had litigated several matters related to several olive oil brands, including Filippo Berio, against retailers in Washington, D.C., under the D.C. Consumer Protection Procedures Act ("CPPA"). During the D.C. CPPA litigation, TZ conducted significant investigation relating to the "Imported from Italy" claims at issue in this litigation, including analyzing Food and Drug Administration ("FDA") regulations and Customs and Border Patrol ("CBP") regulations. TZ also conducted research regarding potential federal preemption of Plaintiff's claims. Throughout this litigation, TZ has continued to monitor, research, and review such materials.

5. Prior to filing Plaintiff's response to the motion to dismiss in this matter, TZ entered an appearance as co-counsel to GSLLP in this matter. Throughout the litigation, TZ worked closely with GSLLP to formulate case strategy. Work was divided between the firms to avoid duplication—for example, the TZ firm was assigned to be lead on taking depositions of fact witnesses, while my firm was lead for dealing with the expert witnesses. Document review was apportioned between the firms and only documents identified as by a reviewer as "hot documents"

were shared. Similarly, in connection with legal research and brief writing, one firm was assigned to draft all (or certain sections) of a brief, while the other provided only suggestions and edits.

6. After filing the Complaint, Defendant filed a motion to dismiss. TZ reviewed Defendant's arguments and assisted in preparing the opposition to that motion, which was filed in August of 2014.

7. In November of 2015, Defendant filed a motion to stay the proceedings in this case pending the resolution of purportedly related matters pending on appeal in the Ninth Circuit. TZ reviewed Defendant's arguments on that motion and drafted and filed Plaintiff's opposition in December of 2015.

8. Throughout this case, TZ participated in the discovery efforts, including drafting and serving requests on Defendant and third parties. TZ also met-and-conferred with Defendant's counsel regarding the scope of discovery, the sufficiency of discovery responses and production, the retention of electronic documents, Defendant's searches for electronically stored information, the terms and scope of a stipulated protective order, and the timing of production.

9. In an effort to obtain discovery from Defendant's Italian parent company, TZ undertook significant research on how to obtain foreign discovery pursuant to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters ("Hague Convention"). In addition to this research, TZ drafted a proposed Letter of Request for discovery pursuant to the Hague Convention, along with a motion for issuance of the Letter of Request and a reply memorandum in support thereof.

10. In total, over 30,000 pages of documents were produced in this case, and TZ assisted in the document review efforts in this case.

11. TZ also took the deposition of Defendant's Rule 30(b)(6) representative, in addition to the depositions of four fact witness employees of Defendant.

12. After obtaining significant discovery from Defendant in this case, TZ participated in conducting research for, drafting, and filing Plaintiff's Motion for Class Certification, which was filed in January of 2016. Upon receiving Defendant's opposition to that motion, TZ participated in the research and drafting of Plaintiff's reply memorandum, which was filed in May

of 2016. After the class certification motion was submitted, the Court asked for further declarations regarding Class Counsel's qualifications and on the pending motions to seal portions of the briefing, on which TZ participated in the drafting and filing.

13. After the Court granted Plaintiff's Motion for Class Certification, the parties started to discuss the possibilities of mediation and settlement in August 2016 (Dkt. 130). After initial settlement efforts stalled, the parties agreed to mediation, and TZ drafted a comprehensive mediation statement. On November 8, 2016, Anna Haac and Andrew Silver from TZ attended an all-day mediation (10+ hours) with Randy Wulff of Wulff Quinby & Sochynsky, an independent, well respected, and experienced mediator, in Oakland, California. The parties made significant progress during the mediation, and following the mediation, TZ participated in negotiating and drafting the Settlement Agreement along with corresponding documents, including claim forms, summary notice, and long form notice.

14. Because the parties were able to arrive at a nationwide settlement, TZ drafted an Amended Complaint in this matter which asserted nationwide claims consistent with the nationwide settlement class contemplated by the Settlement Agreement.

15. After the parties entered into the Settlement Agreement, TZ drafted the motion for preliminary approval of the settlement and its supporting documents. Anna Haac appeared at the hearing on this motion.

16. TZ also drafted the instant motion for final approval of the settlement.

17. TZ's work in this case is delineated in even greater detail in the contemporaneous time entries attached to this Declaration, as discussed in Section C.

18. Should any objections to the settlement be filed prior to the hearing on final approval, TZ will research and respond to those objections by, if necessary, filing oppositions to them and/or a reply memorandum in support of the motion for final approval of the settlement.

19. After engaging in all of the aforementioned tasks, as a partner with TZ, I am in a unique position to evaluate this Settlement. Indeed, in advising the Representative Plaintiff whether or not to enter into the Settlement Agreement, I was very cognizant of the risks involved in protracted litigation. I was also cognizant of Defendant's size and financial resources.

20. When considering the risks and costs associated with proceeding to trial against the nature of the benefit that was being offered by Defendant, I believe that the Settlement is in the best interests of the class. Indeed, with this Settlement, Plaintiff has achieved her desired goal in this litigation—i.e., obtaining for class members cash refunds and changes to Defendant's labeling practices. Based on my evaluation of the facts and legal issues presented, I believe that the settlement is fair, adequate, and reasonable.

**B. The Risks Borne By TZ.**

21. In accepting this case, TZ bore considerable risk. TZ took this case on a fully contingent basis, meaning that we were not paid for any of our time, and that we paid all costs and out of pocket expenses without any reimbursement to date. From the outset, TZ recognized that it would be contributing a substantial amount of time and advancing significant costs in prosecuting this class action, with no guarantee of compensation or recovery, in the hopes of prevailing against a well-funded defense.

22. Because Defendant was represented by a large, highly-skilled and well-resourced litigation firm, there was increased risk that Plaintiff would receive a verdict for the Defense after a prolonged trial.

**C. Lodestar and Expenses for TZ**

23. A true and correct copy of the firm resume of TZ was submitted as part of the class certification briefing the Court reviewed in certifying a California class. (Dkt. 85-10.)

24. Based on the time records of TZ, TZ has spent approximately 1,003.7 hours prosecuting this litigation through April 6, 2017.[1] The total number of hours, as well as the lodestar computed at our 2017 rates, is as shown in the following table:

| Attorney (Position) | Hours | Rate | Total |
|---|---|---|---|
| Hassan Zavareei (Partner) | 74 | $826.00 | $61,124.00 |
| Jeffrey Kaliel (Partner) | 46.3 | $685.00 | $31,715.50 |
| Anna Haac (Partner) | 241.4 | $685.00 | $165,359.00 |

[1] TZ will update its lodestar and costs in a reply declaration, as necessary.

| Attorney (Position) | Hours | Rate | Total |
|---|---|---|---|
| Andrew Silver (Associate) | 442.30 | $421.00 | $186,208.30 |
| Sophia Goren (Associate) | 0.10 | $343.00 | $34.30 |
| Michael Brody (Counsel) | 96.00 | $343.00 | $32,928.00 |
| Nathan Laporte (Paralegal) | 13.60 | $187.00 | $2,543.20 |
| Sydney Teng (Paralegal) | 71.40 | $187.00 | $13,351.80 |
| Amy Berkowitz (Paralegal) | 18.20 | $187.00 | $3,403.40 |
| Audrey Abate (Paralegal) | 0.40 | $187.00 | $74.80 |
| **TOTAL** | **1003.70** | | **$496,667.50** |

25. As requested by the Court during the hearing on Plaintiff's preliminary approval motion, attached hereto as Exhibit A is a true and correct copy of the contemporaneous billing records entered and maintained by TZ for the hours worked summarized in the above chart.

26. The hourly rates shown for the attorneys at TZ are our 2017 rates charged as delineated by the Laffey Matrix (http://www.laffeymatrix.com/), which provides market rates for attorneys working in the Washington, D.C., and Baltimore areas. Although the Laffey Matrix is updated annually, courts have awarded attorneys' fees consistent with the Laffey Matrix to my firm in a number of cases. *See, e.g.*, *Brown v. Transurban USA, Inc.*, No. 1:15CV494 (JCC/MSN), 2016 WL 6909683 (E.D. Va. Sept. 29, 2016); *Small v. BOKF, N.A.*, No. 1:13-cv-01125-REB-MJW (D. Colo.); *Soule v. Hilton Worldwide, Inc.*, No. CV 13-00652 ACK-RLP, 2015 WL 12827769 (D. Haw. Aug. 25, 2015); *Beck v. Test Masters Educ. Servs., Inc.*, 73 F. Supp. 3d 12 (D.D.C. 2014). The Ninth Circuit has accepted the Laffey Matrix as evidence of reasonable hourly rates charged by Washington, D.C. attorneys. *Mancini v. Dan P. Plute, Inc.*, 358 F. App'x 886 (9th Cir. 2009). And a court in this District recently awarded Bay Area attorneys Laffey Matrix fees adjusted *upwardly* by nine percent, so, if anything, the Laffey Matrix comes in *below* the market rate for attorneys in this District. *See Brinker v. Normandin's*, No. 14CV03007EJDHRL, 2017 WL 713554 (N.D. Cal. Feb. 23, 2017) (citing *Theme Promotions, Inc. v. News America Marketing FSI, Inc.,* 731 F. Supp. 2d 937, (N.D. Cal. 2010)).

27. I am a 1995 graduate of University of California, Berkeley School of Law. Jeffrey

Kaliel is a 2005 graduate of Yale Law School, Anna Haac is a 2006 graduate of University of Michigan Law School, and Andrew Silver is a 2012 graduate of Boston College Law School.

28. I was previously an attorney at the law firm of Gibson Dunn & Crutcher. It is my understanding that attorneys at that firm in the litigation department with the same number of years of experience as myself are currently billing at hourly rates in excess of $1,000 for law school graduates from 1995. I believe that my firm's hourly rates are at or below market for attorneys with similar backgrounds and experience.

29. Expenses are accounted for and billed separately and are not duplicated in my firm's professional billing rate. TZ has not received reimbursement for expenses incurred in connection with this litigation. As of April 7, 2017, my firm incurred a total of $42,366.14 in unreimbursed actual third-party expenses in connection with the prosecution of these cases. The actual expenses incurred in the prosecution of these cases are reflected on the computerized accounting records of my firm prepared by bookkeeping staff, based on receipts and check records, and accurately reflect all actual expenses incurred. Attached hereto as Exhibit B is a true and correct copy of a listing of expenses incurred in this case by my firm, for which Plaintiff is now seeking reimbursement.

**D. Plaintiffs' Counsel Continuing Obligations to Class Members**

30. Following this Court granting preliminary approval to the Settlement, Class Counsel established standardized procedures to ensure that all inquiries from Class Members were timely and accurately handled. I am not aware of any feedback from class members that would suggest that the process is onerous or complicated. Class Counsel also worked the Claim Administrator to assure that settlement website functioned properly, was easy to use and properly designed. Class Counsel also worked with the Claims Administrator to assure that notice was disseminated in accordance with the terms of the Settlement Agreement. I received weekly updates from the Claims Administrator regarding the administration of the settlement. TZ will continue in this capacity should the settlement be finally approved. If the settlement is approved and fees awarded, TZ also will oppose any appeals that may be filed. Based on my experience with class actions, I additionally anticipate that there will be another 50-75 hours of work before this

Litigation is entirely complete and an estimated 175-250 hours if this Court's judgment is appealed.

This declaration was executed this 11th day of April, 2017, at Washington, D.C.. I state the foregoing under penalty of perjury under the laws of the United States.

/s/ Hassan A. Zavareei
Hassan A. Zavareei, Esq.