**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 11 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROHINI KUMAR, an individual, on behalf of herself, the general public and those similarly situated,<br><br>    Plaintiff-Appellee,<br><br> v.<br><br>SALOV NORTH AMERICA CORP.,<br><br>    Defendant-Appellee,<br><br> v.<br><br>THEODORE H. FRANK,<br><br>    Objector-Appellant. | No. 17-16405<br><br>D.C. No. 4:14-cv-02411-YGR<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Yvonne Gonzalez Rogers, District Judge, Presiding

Argued and Submitted August 28, 2018
Seattle, Washington

Before: McKEOWN, W. FLETCHER, and GOULD, Circuit Judges.

  This dispute arises from the district court's approval of a nationwide class

---

  [*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

action settlement between a class of purchasers of Filippo Berio olive oil and the manufacturer of the olive oil, Salov North America Corp. On appeal, Theodore Frank, a non-participating class member and objector, challenges the approval of the settlement agreement. Salov North America Corp. contends that Frank has no standing. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Assuming that Frank ultimately paid a higher price for the olive oil than he would have without "Imported from Italy" on the label, he has Article III standing to challenge the settlement agreement. *See Knisley v. Network Assocs., Inc.*, 312 F.3d 1123, 1126 (9th Cir. 2002). Because we assume without deciding that Frank also has statutory standing, we move to the merits of his challenge.

The district court did not abuse its discretion in approving the settlement agreement. *See In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 940 (9th Cir. 2011) ("We review a district court's approval of a class action settlement for clear abuse of discretion."). The court properly considered and applied the relevant *Hanlon* factors in its determination that the settlement was fair, reasonable, and adequate. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998) (providing factors to be balanced by a district court when assessing whether a settlement agreement is "fair, reasonable, and adequate" under Fed. R. Civ. P. 23(e), including: "the strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class

action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement").

The district court considered the strength of the plaintiffs' case and the risk involved with further litigation, noting that Salov North America Corp. had a legitimate defense and that this "was [not] the strongest case [she] ha[d] ever seen." The district court also noted that proceeding to trial would be costly given the need for expert testimony, and that the best potential outcome at trial would not exceed the recovery per bottle offered by the settlement. Further, the court recognized that the litigation was "hard fought" and that class counsel reached an "excellent result" for the class, including achieving the class's non-monetary goal of "get[ting] the defendants to improve their practices." Because there is no "strong showing that the district court's decision was a clear abuse of discretion," we affirm. *See Hanlon*, 150 F.3d at 1027 ("The district court's final determination to approve the settlement should be reversed only upon a strong showing that the district court's decision was a clear abuse of discretion.") (internal quotation marks omitted).

**AFFIRMED**.